## JOHNSON v. BONAPARTE, County Treasurer.

No. 17159—Opinion Filed Sept. 21, 1926.

(Syllabus.)

1. Taxation—Procedure for Payment Under Protest—Applicability of Statute.

The method of paying taxes under protest and giving notice and bringing suit to recover the same, as provided by section 9971, Comp. Stat. 1921, does not apply alone to ad valorem taxes but applies to any taxes required to be collected by the county treasurer and otherwise falling within the provision of said act.

2. Same—Action to Recover Drainage Improvement Taxes Paid Under Protest—Sufficiency of Petition.

Record examined: and held. that plaintiff's second amended petition states a cause of action, and the court erred in sustaining a demurrer thereto.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by H. A. Johnson against E. B. Bonaparte, County Treasurer of Oklahoma County. From order of court sustaining demurrer of defendant, plaintiff brings error. Reversed and remanded.

H. A. Johnson, for plaintiff in error.

J. K. Wright, County Attorney, and John Howard Payne, Assistant County Attorney, for defendant in error.

PHELPS, J. This action was commenced in the district court of Oklahoma county by H. A. Johnson, plaintiff in error, who was plaintiff below, against E. B. Bonaparte, county treasurer of Oklahoma county, to recover taxes paid under protest as provided by section 9971, Comp. Stats. 1921. Demurrer was filed to plaintiff's second amended petition upon the grounds:

"First. There is a misjoinder of parties defendant in said action.

"Second. That the plaintiff's petition does not state facts sufficient to constitute a cause of action."

The court sustained this demurrer, declined to allow plaintiff to amend, and dismissed the action, to reverse which this appeal is prosecuted.

The sole question here is whether the

trial court committed reversible error in sustaining the demurrer.

Section 9971, Comp. Stats. 1921, provides that:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint, and that suit will be brought against the officer for recovery of them."

Plaintiff pleads a compliance with this statute, and for the purposes of the demurrer the truthfulness of the allegations of the second amended petition will be considered admitted. The record does not disclose upon which ground the demurrer was sustained, but counsel for defendant contend in their brief that both grounds were well taken, and argue that there is a defect of parties defendant, in that, since the taxes in question were levied and collected in the improvement of a drainage ditch, the drainage commissioner should have been made a party; further contending that section 9971, Comp. Stats. 1921, supra, is meant to apply exclusively to ad valorem taxes and not to special assessments made under the drainage act. With this contention we cannot agree. Plaintiff alleges in his second amended petition that he had no knowledge of the assessment of the taxes sought to be recovered until he attempted to pay his ad valorem tax, and found the assessment complained of, and in order to pay his ad valorem tax he was required to pay the tax sought to be recovered, and in doing so complied with the statute prescribing the steps to be taken to recover the same.

As sustaining defendant's position counsel cite Niblo v. Drainage District, 58 Okla. 639, 160 Pac. 468, but an examination of that authority shows such a vastly different state of facts to the facts in this case that we cannot, by the greatest stretch of the imagination, apply the rule laid down in that case to the facts here. The plaintiff's action was against the county treasurer, and according to the allegations of his second amended petition he took the steps necessary to place him in proper position to avail himself of all the benefits intended to be conferred by section 9971, Comp. Stats. 1921, supra, and we, therefore, see no reason why the court should require him to make the drainage commissioner a party. If the drainage district should see fit, we see no reason why the drainage commissioner might not become a

party to the litigation, but we cannot agree that it is necessary for the plaintiff to make him a party before invoking the relief sought. It is not seriously contended by counsel for defendant that plaintiff's second amended petition does not state facts sufficient to constitute a cause of action. They do say, however, that plaintiff has not alleged a violation of either section 6076 or 6077, Comp. Stats. 1921, prescribing the procedure for repairs to a drainage ditch, but an examination of plaintiff's second amended petition shows counsel to be in error in this statement. Plaintiff alleges a state of facts which, if true, entitles him to relief.

The judgment of the district court is therefore reversed, and the cause remanded, with instructions to reinstate the cause and overrule the demurrer.

NICHOLSON, C. J., MASON, LESTER, CLARK, and RILEY, JJ., concur. BRANSON and HUNT, JJ., dissent.