## McCOY v. CHILDERS, State Auditor, et al.

No. 17434—Opinion Filed April 5, 1927.

Rehearing Denied May 10, 1927.

(Syllabus.)

1. **Taxation—Gross Production Tax on Royalty Interest not Lien on Other Property.**

Section 9814, C. O. S. 1921, relating to a lien for gross production tax upon royalty interest, provides that "the amount of tax on the royalty interest shall be a lien on such interest", and such a provision for such a lien on such interest is construed strictissimi juris and excludes a lien for such interest upon any other property, notwithstanding section 9817, C. O. S. 1921, which provides

generally for the levy and collection of said gross production tax from the property, assets, and effects of such persons, firms, association or corporation, and constitutes the tax a lien upon such property, and provides for suit thereon.

2. **Same—Statutory Remedy of Aggrieved Taxpayer Exclusive.**

Section 9814, supra, permits an aggrieved taxpayer of a gross production tax to pay such tax under protest and giving of notice, and the institution of an action at law to recover the same, and such a remedy is adequate, speedy, complete, and exclusive.

Error from District Court, Oklahoma County; Lucius Babcock, Judge.

Action by J. R. McCoy against C. C. Childers, as State Auditor, and the Pure Oil Company, a corporation, to enjoin C. C. Childers, as State Auditor, his deputies, employees, and successors in office, from collecting or attempting to collect from the plaintiff his proportionate share of the gross production tax on his royalty due him from oil produced from allotted lands, and to enjoin the defendant Pure Oil Company from withholding the portion of said oil from him and to cancel the order made by the said State Auditor ordering the defendant Pure Oil Company to withhold from plaintiff his proportionate share of the oil on account of gross production tax levied. Motion by C. C. Childers to dismiss for want of equity sustained, from which judgment plaintiff appeals. A. S. J. Shaw substituted as defendant in error. Judgment affirmed.

Rainey, Flynn, Green & Anderson and Calvin Jones, for plaintiff in error.

George F. Short, Atty. Gen., and V. P. Crowe, Asst. Atty. Gen., for defendants in error.

RILEY, J. The parties appear here in the order as they did in the court below, with the exception that by order of this court, A. S. J. Shaw, in his official capacity, is substituted for C. C. Childers, the latter's term of office having expired on the 10th day of January, 1927, and the former having been elected and qualified and having assumed the duties and office of State Auditor on said date.

McCoy, as plaintiff below, sought an injunction against the defendant C. C. Childers, as State Auditor, his deputies, employees, and successors in office, to prevent the levying and collection, or the attempt to levy and collect, from plaintiff McCoy his proportionate share of gross production tax upon oil produced by the Pure Oil Company

and derived by him by reason of his royalty on his homestead and surplus allotments. It was alleged that plaintiff had theretofore leased his homestead and surplus allotments to the Pure Oil Company for the purpose of prospecting for and producing oil from said lands. It was also alleged that plaintiff was a one-fourth blood Chickasaw Indian, and that his described lands are nontaxable allotments under acts of Congress and agreements between the Choctaw and Chickasaw Nations and the United States government, and wherein it was provided that such lands should remain nontaxable so long as title remained in plaintiff, not to exceed 21 years from date of patent; that said lands were so patented and that title so remains and that the 21 years have not expired. It was alleged that plaintiff McCoy is the owner of valuable real estate and other property in Oklahoma county, and that under the laws of the state of Oklahoma the gross production tax is a lien upon all of the property of plaintiff and that the same constitutes a cloud upon the title of plaintiff on his other property throughout the state, and that there is no means or method of removing said cloud except by this action, inasmuch as the lien provided is in favor of the state. The petition further alleges that the defendant, State Auditor, is authorized, under the law, as construed by him, upon failure of plaintiff to pay his proportionate part of the gross production tax, to make an order on the lessee to withhold from plaintiff his one-eighth royalty interest which may become due and payable until sufficient quantity of oil of plaintiff has been withheld to pay said share of such gross production tax; that in fact such an order has been made and that oil is being withheld by the defendant Pure Oil Company in violation of plaintiff's rights.

It was not alleged and it was not contended that the lands of plaintiff are now restricted against alienation, nor that the lease under which the oil in question was produced is a departmental lease in any respect.

The defendant Pure Oil Company answered, setting forth that it held moneys derived from the sale of plaintiff's royalty under its lease, and tendered said moneys into court for the benefit of the proper party.

The defendant C. C. Childers, State Auditor, through the Attorney General, moved to dismiss the petition of plaintiff for want of equity, and upon a hearing of the motion of defendant to dismiss, the court treated the same as general and special demurrer and sustained the same, dismissing the plaintiff's action. From which judgment the plaintiff appeals.

The plaintiff in error urges for reversal of the cause the following propositions:

"Proposition No. 1. The district court of Oklahoma county as a court of equity has jurisdiction of the matters involved herein.

"Proposition No. 2. The gross production tax of Oklahoma is not applicable to the royalty interest of this plaintiff, as the said oil is produced from the allotted lands of this plaintiff as a Chickasaw Indian, and upon which allotment the tax exemption period under which said lands were allotted has not expired.

"(a) This royalty of the plaintiff is not taxable as oil, for the reason oil is a part of the realty and the realty is expressly exempt.

"(b) This royalty is not taxable if considered as ordinary rents or produce from the land, for the reason that a tax on rents or produce of the land is a tax on the land, the source from which the rents are derived, and said land is expressly exempt.

"(c) This tax interferes with congressional legislation and the fulfillment of the contract and treaty obligations of the national government, and is also a tax on a federal agency."

The defendants urge the following grounds for sustaining the judgment rendered:

"1. Plaintiff in error has an adequate remedy at law, and, is, therefore, not entitled to equitable relief, and the motion to dismiss for want of equity was properly sustained.

"2. The oil, upon which the tax in question was levied, when detached from the soil in which it was embedded, becomes and is personal property and is subject to state taxation as any other personal property.

"3. The property upon which the tax in question was levied is not exempted from state taxation by the Constitution of Oklahoma or any of the laws of the state of Oklahoma.

"4. The property upon which the tax in question was levied is not exempted from state taxation by the Constitution of the United States or by any act of Congress or treaty with the Indians.

"5. The tax in question is not a tax upon a federal instrumentality, there being no federal instrumentality involved in this case."

In determining the first proposition our attention is directed as to whether an adequate remedy at law is provided for plaintiff in error.

Section 9971. C. O. S. 1921, provides as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of 30 days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county, or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due. the collecting officer shall pay to such person the excess and shall take his receipt therefor."

Thus by the general law it will be seen that it was the intention of the Legislature to provide an adequate remedy at law so that state government might function without the burden of injunctive actions which might tend to prevent or restrain the collection of taxes to meet governmental needs.

By special act of the Legislature it is provided in section 9973. C. O. S. 1921:

"Special Tax—Payment to State Auditor —Payments Under Protest. None of the acts herein required to be done shall be enjoined by a court of equity, but any person aggrieved in any matter of collection, assessment, or levy of any tax herein provided for shall pay the tax at the time and in the manner provided by law, except as stated in section 2, article 2-B, hereof, and at the time of payment shall file a written statement with the State Auditor, under oath, as provided in section 10-11, article 2-B, hereof, fully setting forth his complaint. The auditor shall retain the payment as a special deposit to await the final decision on said complaint. And thereupon the same right of hearing and review shall be had upon said complaint as provided for herein in section 10-11 of article 2-B hereof."

Thus by special act the remedy at law was provided for the recovery of a special tax, such as in the instant case, in the event it should be found the tax is in fact illegal.

In addition, by the act, the remedy by injunction. previously available, was specifically taken away.

In Black et al. v. Geissler et al., 58 Okla. 335, 159 Pac. 1124, it was held that section 4881, Rev. Laws 1910, authorizing injunctive relief to restrain an illegal levy and the collection of a tax, was modified by section 7, chapter 107, p. 178, Session Laws 1915, which latter act provided an effectual remedy, and that the remedy so provided was plain, speedy, adequate, and exclusive.

In the case of Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610, the Supreme Court of the United States had under consideration a statute similar to the one of Oklahoma and dealt with in the Black Case, supra. The Supreme Court of the United States said:

"We think the regulation of the statute gave him an abundant means of enforcing such rights as he possessed. * * * A suit at law to recover money unlawfully exacted is as speedy, as easily tried, and less complicated than a proceeding by mandamus. * * * No government could exist that permitted the collection of its revenues to be delayed by every litigious man or every embarrassed man, to whom delay was more important than the payment of costs." Shelton v. Platt, 139 U. S. 591. 11 Sup. Ct. 646. 35 L. Ed. 273.

We, therefore, hold that this court is committed to the doctrine that a statute which provides for the payment of taxes under protest and an action to recover same gives the taxpayer an adequate remedy at law and the same is exclusive.

The plaintiff seeks to take himself from within the rule above stated by contending that the invalid lien imposed constitutes a cloud upon his property other than that from which the tax is drawn. He relies upon Shaffer v. Carter, 252 U. S. 36, 64 L. Ed. 445, the same being a case wherein a nonresident maintained an action to prevent the collection of a state income tax on the grounds that the income tax law imposed a lien upon the entire property of the taxpayer regardless of whether the income taxed was derived therefrom. It was there held:

"For removal of a cloud upon title caused by an invalid lien imposed for a tax valid in itself there appears to be no legal remedy. Hence, on this ground at least, resort was properly had to equity for relief; and since the court of equity does not 'do justice by halves' and will prevent, if possible. a multiplicity of suits, the jurisdiction extends to the disposition of all questions raised by the bill."

There the basis of equitable action was

that the income tax itself was valid, but the law imposed a lien upon the entire property of the taxpayer irrespective of the fact that a part of the property was not responsible for the production of the income taxed. Therefore, the lien imposed on all the property was a cloud on that part of the property other than from which the income taxed was derived, hence invalid, and in the absence of an adequate relief at law, equity would afford a remedy.

If that rule is applicable here, it is decisive of the contention. To determine the applicability of the rule we must inquire whether the lien imposed by the law providing for the gross production tax imposes a lien upon all of the property of plaintiff wherever situated and regardless of the fact that production of the oil is not derived from such property. The plaintiff's contention is based on section 9817, C. O. S. 1921, which provides in part:

"* * * Such tax, interest, and penalty shall constitute and remain a lien upon the property, assets, and effects of such person, firm, association, or corporation until paid, and may be recovered at the suit of the state in any court of competent jurisdiction of the county where any such property, assets, and effects are located."

We note that the word "all" is not used, and should the lien be made to apply to all of the property, it would be by construction and intendment. Lien laws are strictly construed. We need not rely upon a strict construction, for section 9814, C. O. S. 1921, of the same act, provides in part:

"The tax hereby declared shall also attach to and is levied on what is known as the royalty interest except such royalty interest of the state of Oklahoma, or such royalty interests as are exempt from taxation under the laws of the United States, and **the amount of the tax on the royalty interest shall be a lien on such interest.**"

This provision negatives the contention of plaintiff that the tax in the instant case on plaintiff's royalty interest is a lien on his property in Oklahoma City and his other property throughout the state.

In the case of Muskogee Times-Democrat v. Board of Com'rs of Muskogee County. 76 Okla. 188, 184 Pac. 591, this court, in regard to statutory construction, said:

"Where there are two provisions of the statutes, one of which is special and particular and clearly includes the matter in controversy, and where the special statute covering the subject prescribes different rules and procedure from those in the general statute, it will be held that the special statute applies to the subject-matter, and that the general statute does not apply."

We, therefore, hold that by section 9814, supra, the lien for gross production tax on a royalty interest is a lien only on such interest. The tax and the lien imposed thereby in the instant case being only on the royalty interest, and the attempt to enforce the same being only against the royalty interest, the rule in the Shaffer Case is not applicable.

It was intimated in the Shaffer Case that the provisions of section 9971, supra, relating to the method of paying of taxes under protest and bringing suit to recover the same, applied only to ad valorem taxes, but in Johnson v. Bonaparte, 121 Okla. 188. 249 Pac. 380, decided September 21, 1926, this court held that said section did not apply alone to ad valorem taxes, but likewise to any tax required to be collected by the county treasurer and otherwise falling within the provisions of the act, and the same provisions were there held to extend to a special assessment made by drainage district. The provisions are equally applicable to the payment of gross production tax. Nor must we extend such provision as to gross production by a strained construction, for by section 9814. supra, it is provided:

"* * * That after such tax has been collected and distributed, or **paid without protest,** no complaint with reference to rate thereof shall be heard or considered."

Thus clearly it was intended said section 9971, supra, should be applicable to gross production taxes. In addition, section 9973, supra, specifically provides for protest of a gross production tax paid to the State Auditor. We, therefore, hold that the remedy provided at law is adequate and exclusive.

The conclusion reached is decisive of the issue before us. The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and PHELPS, LESTER, and CLARK, JJ., concur.

HARRISON and HUNT. JJ, absent and not participating.

Note.—See under (1) 36 Cyc. p. 1189: 37, Cyc. p. 1140. (2) 37 Cyc. pp. 1177 (Anno), 1184.