AMERICAN NATIONAL BANK of TONKAWA, OKLA., v. ANDREWS, Co. Treas.

No. 18459.   Opinion Filed Dec. 17, 1929.

Thomas D. Lyons, C. L. Pinkham, Gordon Stater, and Adelbert Brown, for plaintiff in error.

Roy R. Carver, Co. Atty. and Howard C.

Johnson, Asst. Co. Atty., for defendant in error.

REID, C.   The American National Bank of Tonkawa, Okla., brought this action against H. N. Andrews, county treasurer of Kay county, to recover money paid for taxes levied against the shares of its capital stock.   The original petition and supplement thereto stated plaintiff's corporate capacity; that the shares of stock and other property of the bank were subject to ad valorem taxation for the benefit of said county, Tonkawa city school district No. 87 of said county, and the state of Oklahoma, for the fiscal year beginning July 1, 1925; that the aggregate levy made against said property by the taxing authorities for the benefit of the state of Oklahoma and these separate municipalities amounted to a total of 60.7 mills, the amount for the benefit of each being stated; and that the levy was illegal, excessive, and void because—

"* * * There is a discrimination between the bank stock of the plaintiff and other moneyed capital invested in competition therewith in violation of the federal statute in that the rate upon the bank shares is the amount set forth in the petition, while only 20 mills on the dollar for five years is imposed on notes, mortgages and other evidences of debt and investments of individuals in securities which represent money at interest and other evidences of indebtedness, such as normally enter into the business of banking.

"Plaintiff further alleges that the amount of notes, mortgages and other evidences of money loaned by individuals was largely in excess of the total of all bank stock, and that the assessment set forth in plaintiff's original petition is erroneous as contrary to the federal statute, because the shares of stock of a national bank are subjected to a greater assessment and tax than are imposed upon moneyed capital in the hands of individual citizens.

"The plaintiff specifically calls the attention of the court to the statute of Oklahoma providing for taxation of notes and choses of action at the rate of $2 per $100 of moneyed capital, for five years, and specifically says that said statute has been enforced by the taxing authorities of Kay county and that by means thereof a discrimination in its legal significance has been worked against the property, and that the tax against plaintiff's shares in excess of $2 per $100 set forth in said statute is erroneous, excessive, and discriminatory."

And it was further alleged by the bank that the amount of tax produced by such excessive levy had been paid under protest, wherefore judgment was prayed therefor.

The court sustained the defendant's demurrer to plaintiff's petition, and the plaintiff has appealed.

The first ground of this demurrer directed by the defendant against plaintiff's petition is predicated upon the proposition that if plaintiff has reason to complain, its remedy is provided for in section 9966, C. O. S. 1921, and not section 9971, C. O. S. 1921, under which plaintiff has proceeded. Section 9966, supra, provides that any taxpayer feeling aggrieved at the assessment as made by the assessor, or the equalization as made by the county board of equalization, may complain to such board in writing, and the taxpayer shall have the right to appeal to the district court from the action of the board of equalization, if he is aggrieved by its action. But here plaintiff did not complain of the assessment of the bank shares, or the equalization made thereof by the county board, but the complaint is directed at the rate of taxation fixed thereon by the excise board; consequently, this section of the statute could afford plaintiff no relief. The cases of First National Bank of Norman v. Briggs, 104 Okla. 97, 230 Pac. 860, and First National Bank of Temple v. Achenbach, 110 Okla. 246, 237 Pac. 574, cited by defendant, do not sustain his contention, for the reason that in each of these cases the basis of the plaintiff's complaint was that the valuation placed by the taxing officers on the bank shares was too high and not in line with the value fixed on other taxable property. Not so in this case.

The remedy of this taxpayer, under the allegation of its petition, is provided by section 9971, supra, as follows:

"In all cases where the illegality of the taxes is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them."

We conclude that the plaintiff proceeded under the proper statute.

Going to the further question whether the court erred in sustaining the defendant's general demurrer to plaintiff's petition. Every principle and rule of law necessary to determine this question has been fully announced by this court in the recent case of Bonaparte, Co. Treas., v. American-First National Bank of Oklahoma City, 139 Okla.

189, 281 Pac. 958, and it is not necessary to here review them. The petition stated a cause of action.

The cause is reversed and remanded, with directions to the trial court to overrule the demurrer and proceed with the case in accordance with the views herein expressed.

BENNETT, FOSTER, LEACH. and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.