## ANTRIM LUMBER CO. v. SNEED, State Treasurer.

No. 23783.   Nov. 26, 1935.

Lee B. Thompson, for plaintiff in error.

J. Berry King, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

PER CURIAM. This action was commenced in the district court of Oklahoma county by the Antrim Lumber Company against R. A. Sneed, Treasurer of the state of Oklahoma. The parties occupy the same position here as in the trial court, and will be referred to as plaintiff and defendant, respectively.

The petition of the plaintiff alleges, in substance, that on the 12th day of July, 1929, under threat, duress, and coercion of an unconstitutional and void act of the Legislature of Oklahoma (House Bill 387, chap. 113, Session Laws 1927), it paid under protest to the defendant, as Treasurer of the state of Oklahoma, the sum of $850.19 as a

corporation license tax, and prayed recovery of this sum. Demurrer challenging the petition as being in effect a suit against the state and for failure to state facts sufficient to constitute a cause of action in favor of the plaintiff was interposed and denied. Answer admitted payment to the defendant, as State Treasurer, of the amount stated in the petition and for the purpose therein set forth, but specifically denied that plaintiff made said payment either under duress or protest, and further denied receipt of any notice or knowledge of any protest of any kind relative to said payment prior to the institution of this suit (more than a year subsequent to said payment), and as a further defense alleged that the money so paid by the plaintiff had been by the defendant paid into the state treasury of the state of Oklahoma as required by section 8614, C. O. S. 1921, and commingled with other money of the state of Oklahoma, and hence could not be refunded to the plaintiff, and that this condition had been brought about in part by reason of the laches of the plaintiff, and concluded by setting forth that the defendant had ceased to be Treasurer of the state of Oklahoma and had been succeeded in office by Honorable Ray O. Weems. The plaintiff thereupon filed a motion requesting the court to substitute the said Ray O. Weems, Treasurer of the state of Oklahoma, in the place and stead of the defendant R. A. Sneed, Treasurer of the state of Oklahoma. This motion was denied by the trial court. Thereupon the cause proceeded to trial upon the original pleadings; being submitted to the court upon the pleadings and the following agreed statement of facts:

"1. That during the calendar years 1927-1929 and 1930 R. A. Sneed was Treasurer of the state of Oklahoma, but that since the second Monday of January, 1931, Ray O. Weems has been and is now the Treasurer of the state of Oklahoma.

"2. That a true and correct copy of the report of the Antrim Lumber Company to the Corporation Commission and which report is referred to in plaintiff's petition, is attached to plaintiff's petition as exhibit 'A' thereof, and a true and correct copy of the check of said company to the state of Oklahoma in payment of the amount due under said report, and which check is referred to in plaintiff's petition, is set forth as exhibit 'C' of plaintiff's petition and made a part thereof.

"3. That the original of said report and the original of said check were received through the United States mail by the Corporation Commission of the state of Oklahoma on July 17, 1929, but that no separate written notice of protest or notice of the payment of the amount of said check under duress accompanied said report and check.

"4. That the notation in the upper right-hand corner of said report, to wit: 'This tax paid under protest-Antrim Lumber Company-Chas. A. Antrim, President,' and the notation on the left lower corner of said check, to wit: 'This tax paid under protest,' were not observed or noted by the Corporation Commission of the state of Oklahoma or by the State Treasurer of Oklahoma when same were received by them or for approximately a year thereafter, and that said notations were not called to the attention of the Corporation Commission or said treasurer by any one whatsoever until at least one year after said report and check were received as aforesaid.

"5. That said check was received by the State Treasurer on or about July 17, 1929, at which time same was deposited by him in his State Treasurer depository account, where the same was held until the day following the second Monday of August, 1929, on which date said amount was deposited by said treasurer into the state treasury of the state of Oklahoma."

"Dated this 20th day of October, 1931."

The judgment of the trial court was in favor of the defendant; motion for new trial, although unnecessary, was filed and overruled, and the cause is now properly before us on appeal.

The plaintiff makes three assignments of error and discusses them under the following propositions:

"(1) That the terms of the act itself are coercive and any payment made under said act is an involuntary payment.

"(2) That taxes paid involuntarily and under coercion, and under protest, may be recovered by suit.

"(3) That the notice which was given by plaintiff in error in this case was sufficient."

In support of the first two of the above propositions we are cited to Atchison, T. & S. F. Ry. Co. v. O'Connor, 223 U. S. 280, 32 Sup. Ct. 216, 56 L. Ed. 436; Gaar Scott & Co. v. Shannon, 223 U. S. 468, 56 L. Ed. 510; Ward v. Bd. County Commissioners of Love County, Okla., 253 U. S. 17, 64 L. Ed. 751; and to the case of Sneed v. Shaffer Oil & Refining Co., 35 Fed. (2d) 21; and in support of the third proposition we are cited to numerous decisions of this court as well as those of other jurisdictions and to various text-writers.

We are not here called upon to determine the constitutionality of the statute under which payment was made nor whether the

act by reason of its severity resulted in duress and coercion and thus made any payment thereunder an involuntary one. Admitting, without deciding, the contention of the plaintiff regarding the unconstitutionality of the statute in question and the involuntary character of the payment made, we are of the opinion that these questions are not properly involved in this appeal and are unnecessary to a decision herein. The case of Atchison, T. & S. F. Ry. Co. v. O'Connor, supra, together with Erskine v. Van Arsdale, 15 Wall. 75, 21 L. Ed. 63, and the Virginia Coupon Cases, 114 U. S. 270, 5 Sup. Ct. 903, 962, 29 L. Ed. 185, are authority for the individual liability of a treasurer to repay taxes paid to him involuntarily and under protest when the tax is exacted under an unconstitutional statute, but are inapplicable where the suit is against the treasurer in his official capacity and thus is in effect a suit against the state. As has been said in Smith v. Reeves, 178 U. S. 436, 20 Sup. Ct. 919, 44 L. Ed. 1140:

"An action against a State Treasurer in his official capacity, which is in effect to compel the state, through him, to perform its promise to return to taxpayers money that may be adjudged to have been taken under an illegal assessment, is in substance an action against the state itself, within the meaning of U. S. Const. 11th Amend."

As far back as the case of Love v. Filtsch et al., 33 Okla. 131, 124 P. 30, 44 L. R. A. (N. S.) 212, we laid down the same doctrine in the following language:

"Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought, and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state."

The rule and doctrine thus announced has been followed in a number of subsequent decisions of this court, notably in Lovett v. Lankford, 47 Okla. 12, 145 P. 767; Lankford v. Schroeder, 47 Okla. 279, 147 P. 1049, L. R. A. 1915F, 623, and State Banking Board v. Oklahoma Bankers Trust Co., 49 Okla. 72, 151 P. 566.

As said by the Supreme Court of the United States in Re State of New York, 256 U. S. 490, 41 Sup. Ct. 588, 65 L. Ed. 1057:

"As to what is to be deemed a suit against a state, the early suggestion that the inhibi-

tion might be confined to those in which the state was a party to the record (Osborn v. Bank of United States, 9 Wheat. 738, 846, 850, 857, 6 L. Ed. 204, 229, 231, 232) has long since been abandoned, and it is now established that the question is to be determined not by the mere names of the titular parties, but by the essential nature and effect of the proceeding, as it appears from the entire record. Louisiana v. Jumel, 107 U. S. 711, 719, 720, 723, 727, 27 L. Ed. 448, 450, 454, 2 Sup. Ct. Rep. 128; Hagood v. Southern, 117 U. S. 52, 67, 29 L. Ed. 805, 810, 6 Sup. Ct. Rep. 608, et seq.; Re Ayers, 123 U. S. 443, 487-492, 31 L. Ed. 216, 223-225, 8 Sup. Ct. Rep. 164; Pennoyer v. McConnaughy, 140 U. S. 1, 10, 35 L. Ed. 363, 365, 11 Sup. Ct. Rep. 699 et seq.; Smith v. Reeves, 178 U. S. 436, 438-440, 44 L. Ed. 1140, 1142, 1143, 20 Sup. Ct. Rep. 919; Murray v. Wilson Distilling Co., 213 U. S. 151, 168-170, 53 L. Ed. 742, 750, 751, 29 Sup. Ct. Rep. 458; Lankford v. Platte Iron Works Co., 235 U. S. 461, 469, 59 L. Ed. 316, 318, 35 Sup. Ct. Rep. 173."

The record herein discloses that the tax paid by the plaintiff and concerning which it now complains was exacted by virtue of the statute and not by reason of any positive act of the defendant, and no act of oppression on his part is charged, but, on the contrary, the plaintiff inveighs against the statute and the severity thereof. The suit was instituted against R. A. Sneed, Treasurer of the state of Oklahoma, and not against R. A. Sneed individually. Upon the expiration of the term of office of the said R. A. Sneed as Treasurer of the state of Oklahoma, the plaintiff sought to have his successor, Ray O. Weems, substituted as defendant in the action, thus clearly evincing a desire, intention, and determination to compel a refund of the alleged illegal tax to be made to it out of the state treasury rather than to establish any individual liability on the part of the defendant. This view is further strengthened by reason of the fact that the plaintiff urged in its motion for new trial in the court below and now urges here as a primary error the refusal of the trial court to substitute the succeeding treasurer as the defendant in the action. Under these circumstances, applying the rule announced by us in Love v. Filtsch, supra, and the other cases cited, it is clear that this suit is in effect one against the state of Oklahoma. Therefore it is pertinent to inquire whether it is such a suit as may be maintained against the state, or the question may be better phrased, Has the state given its consent to be sued in an action of this nature? Since the action has for its purpose the recovery of taxes

alleged to have been illegally collected, and since we have said in St. Louis & S. F. Ry. Co. v. Hendrickson, 127 Okla. 242, 260 P. 476:

"In this jurisdiction the right of recovery of illegal taxes paid by the taxpayer is statutory. The theory of the law is that such an action is in effect a suit against the state and to maintain it the complaining party must meet the requirements of the law granting that right"

—therefore the answer to the above query must be in the affirmative, and if the plaintiff has complied with the statutory requirements, it is entitled to maintain this action, otherwise not. The law applicable to this situation at the time of the payment of the taxes in question is found under section 9971, C. O. S. 1921 (section 12665, O. S. 1931), and reads as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of 30 days and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

It may be urged, however, that the enactment of Initiative Petition No. 100 (sections 12305-12315, O. S. 1931) served to repeal the provisions of the above section. This, however, is only partly true, for as we stated in Protest First National Bank of Guthrie, 136 Okla. 141, 276 P. 766:

"Section 9971, C. O. S. 1921, is repealed in so far as it affects questions which involve the legality of the tax rate determined and fixed by the county excise board."

In all other respects said section remains in full force and effect and the remedy therein provided was open to the plaintiff in this action at the time it paid the tax in question and brought this suit. Plaintiff contends, however, that by reason of the holding of the Circuit Court of Appeals for the 8th Circuit in the case of Sneed v. Shaffer, supra, the provisions of said section 9971, C. O. S. 1921, were limited to ad valorem taxes, and that since the payment sought to be recovered herein involved a corporation license tax, therefore the statutory remedy was not available and it was without any remedy at law in the premises. It is true that such in effect is the holding of the Circuit Court of Appeals in Sneed v. Shaffer, supra, but we are of the opinion that such conclusion was reached either through oversight on the part of the court or else through a misunderstanding as to the extent of our decision in Payne v. Smith, 107 Okla. 165, 231 P. 469, it appearing from an examination of the opinion by the Circuit Court of Appeals that the conclusion reached by it was predicated upon Payne v. Smith, supra. However, an examination of our opinion in the latter case will not bear the construction placed upon it by the Circuit Court of Appeals. The effect of the Payne v. Smith Case was not to limit the statutory remedy provided by said section 9971, supra, but to exclude therefrom assessments on sewer and street improvements, holding that these were not taxes within the meaning of the provisions of general revenue act and consequently not to be governed by said section 9971, supra. To give this decision a broader effect is not justified by the language of the opinion and was not so intended by us. On the contrary, we have expressly held that the provisions of section 9971, supra, are not restricted to ad valorem taxes, but apply to any taxes to be collected by the county treasurer. Johnson v. Bonaparte, 121 Okla. 188, 249 P. 380. And likewise we have held that under the provisions of said section a national bank has a remedy against a discriminatory and excessive tax rate. American Nat. Bank v. Andrews, 140 Okla. 266, 283 P. 253. Now, therefore, that there may no longer exist any confusion in this respect, we repeat that said section 9971, C. O. S. 1921 (section 12665, O. S. 1931), provides the taxpayers of this state with an ample, complete, and speedy and adequate remedy at law for the recovery of any illegal taxes paid by them (where not otherwise limited or specifically excepted by law), whether such payment is made to a state or municipal officer. Such remedy being statutory, it is exclusive and mandatory

and a compliance with the statute is prerequisite to the maintenance of an action thereunder. St. Louis & S. F. Ry. Co. v. Hendrickson, 127 Okla. 242, 260 P. 476; Grubb v. Smiley, 140 Okla. 233, 283 P. 784.

A reading of said section 9971, supra, discloses that in order to recover or to maintain an action for the recovery of illegal taxes the taxpayer is required, first, to pay the full amount of the taxes at the time and in the manner provided by law; second, to give notice to the officer collecting the tax showing the **grounds of complaint** and advising that **suit will be brought** against the officer for the recovery of the tax; third, to institute such suit within 30 days thereafter. In the case at bar it is apparent that the plaintiff did not attempt to comply with the requirements of this statute, but that if it intended to comply therewith, it failed in every respect except as to the payment of the tax. By the agreed statement of fact it is shown that the only attempted notice of protest was a notation in the upper right-hand corner of the plaintiff's report to the Corporation Commission of the state of Oklahoma and on the left-hand corner of the check delivered to the defendant in payment of the tax in the following language:

"This tax paid under protest. Antrim Lumber Co. Charles A. Antrim, President."

It further appears from the agreed statement of fact that neither, the Corporation Commission nor the defendant herein received any actual notice of this so-called protest, and even if they did, it was and is wholly insufficient, since it failed to set forth any ground of complaint or to advise the defendant that any suit would be brought for the recovery of said tax. The language used was meaningless and served no purpose. For aught else that appears it could have been just a method of expressing dissatisfaction with the tax and a reluctance to pay it. It certainly could not and did not advise the defendant of any asserted illegality in the tax or any intention to bring a suit for the recovery thereof. Under these circumstances the authorities cited by the plaintiff relative to notice have no application. We appreciate the fact that the claim of the plaintiff herein is deserving of consideration by the Legislature, which is the sole branch of government authorized to extend any relief to the plaintiff under the circumstances. As said by Mr. Justice Riley, speaking for the court in Atlantic Oil Producing Co. v. Sneed, 175 Okla. ___, 54 P. (2d) 149:

"The circumstances here presented are that the moneys so paid were paid in a manner whereby defendant did not know the protest claimed. The plaintiff did not avail itself of the opportunity to seek refund for erroneous taxes paid at a time when the funds would have been available without disadvantage and disarrangement of the finances of the state. Even now a refund is available by the method of a legislative appropriation."

Since the state has provided a method whereby illegal taxes may be recovered and this remedy is exclusive, a proceeding based on the theory of compulsion and involuntary payment is not authorized and may not be maintained in this state for the purpose of recovering taxes alleged to have been illegally exacted. This rule is applicable where the suit is for the recovery of the tax paid. The rule may be otherwise, and we reserve determination of that question, where the act by which the officer presumes to act is unconstitutional and void and the tax has not been paid. Ofttimes the taxpayer is entitled to equitable relief where by coercion the relief at law is inadequate. In such cases, where a court of equity acquires jurisdiction, it will not do justice by halves. Such cases may be distinguished from the case at bar, wherein the money had and received by the state was paid voluntarily in the light of the statute. Since the judgment of the trial court is correct and the record presents no reversible error, said judgment will be affirmed.

Judgment affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.