PATTERSON et al v. CITY OF CHECOTAH ex rel. HALL et al.

No. 29582. May 28, 1940.

*103 P. 2d 97.*

A. N. Boatman, of Okmulgee, for plaintiffs in error.

B. H. Tabor, of Checotah, for defendants in error.

BAYLESS, C. J. An action was instituted in the district court of McIntosh county in the name of the city of Checotah ex rel. Fletcher Hall, the owner

of certain street improvement bonds issued by said municipality, against the owners of certain lots and parcels of land within the street improvement district to foreclose the lien existing against said described properties represented by unpaid annual installments, as provided by chapter 173, S. L. 1923; sections 6212-6240, O. S. 1931, 11 O. S. A. §§ 81-107, 151, 152. We are confronted only with that section dealing with the enforcement of assessment by action. The only property and parties involved out of all parties defendants are lots 23, 22, 21 and the north 10 feet of lot 20 in block 83, owned by M. O. and J. H. Patterson.

Several years after the improvement district was created and the bonds had been issued and the assessments levied against the lots aforesaid, the state of Oklahoma acquired lot 23, and parts of lots 22, 21, and 20, for highway purposes, and owned the same at the time this action was instituted.

Pattersons filed an amended answer wherein they set up the taking of the portions of their lots aforesaid, and pray "that any sums due against (describing the portions taken) should be apportioned to the state of Oklahoma. * * *"

At the time of the trial Patterson objected to proceeding because the state was not a party defendant, and their only assignment of error argued on appeal is that the court lacked jurisdiction because "all the owners and encumbrancers" were not parties defendant. In this manner they complain of the failure of the trial court to make the state a party defendant.

They cite a portion of section 6240, O. S. 1931, 11 O. S. A. § 107, reading: "All owners or encumbrancers shall be made parties defendant in such suit," and our decision in Service Feed Co. v. City of Ardmore, 171 Okla. 155, 42 P. 2d 853, stating in general language the provision of the statute just quoted. In the case cited the state of Oklahoma had no interest in the property involved and there was no occasion to consider or comment upon the precise issue before us.

The fundamental rule is that the state of Oklahoma cannot be sued without its consent. Hawks v. Walsh, 177 Okla. 564, 61 P. 2d 1109, and other cases. The consent of the state to be sued must be expressly given, and may not be raised by implication. Hawks v. Walsh, supra, and other cases.

We do not understand Pattersons to say that express authority exists by statute for making the state a party defendant in this action; but it is argued that, since the commands of the section supra is that all owners shall be made defendants, and since the state purchased a portion of these lots to which the lien was attached, and now owns the same, the state must of necessity be made a party.

This reasoning is without merit, for it overlooks the fundamental rules above set forth. Whatever may be the reason and logic and authority behind procedural statutes such as the section supra is, it falls away in the face of the immunity due to a sovereign state, and where it is thought that a state has an interest likely to be affected by an action by reason of which its participation as a party litigant is desired, if its express consent is not given to be made a party and it does not voluntarily appear as a party, the other parties must proceed with the litigation as it affects them and their interests. If it is a situation where no effective judgment can be rendered at all, there is nothing the courts can do. Such an instance is referable for relief to the legislative branch, not to the judicial branch. Patterson's contention that the court had no jurisdiction to proceed because the state was not a party is without merit. See McQuillin, Municipal Corps. (2d Ed.) vol. 5, p. 899, § 2303; In re City of Mt. Vernon, 147 Ill. 359, 35 N. E. 533; Southern Drain. Dist. v. State (Fla.) 112 So. 561; Federal Land Bank v. Schermerhorn (Ore.) 64 P. 2d 1337; State v. Yellowstone County (Mont.)

88 P. 2d 9; and States (Am. Dig. West) Key No. 191 (1).

The judgment is affirmed.

WELCH, V. C. J., and RILEY, OSBORN, HURST, and DANNER, JJ., concur. CORN, GIBSON, and DAVISON, JJ., absent.