## DONALDSON v. BOARD OF REGENTS OF UNIVERSITY PREPARATORY SCHOOL, etc.

No. 30433.   Feb. 3, 1942.

Rehearing Denied Feb. 17, 1942.

*122 P. 2d 139.*

O. B. Martin, of Blackwell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

PER CURIAM. On December 7, 1940, plaintiff filed her petition in the district court of Kay county against the defendant, the Board of Regents of University Preparatory School and Junior College of Tonkawa, Okla., alleging that she was hired to teach in said institution for the fiscal years beginning July 1, 1938, to and including June 30, 1940; that defendant breached the contract by unlawfully discharging her as of the date of January 20, 1940. She alleges the due filing and presentation of her claim in the sum of $700, the denial of allowance thereof, and prays judgment for said amount, together with interest thereon at 6 per cent per annum from January 20, 1940.

Defendant filed a demurrer therein stating that the proceeding was an attempt to maintain a suit against the State of Oklahoma. The trial court sustained the demurrer on this ground and dismissed the action.

The plaintiff has appealed and presents the error of the trial court in sustaining the demurrer. Several matters are presented in the briefs of the parties, but, as we view the matter, if the trial court was correct in holding, as a matter of law, that the action is a suit against the state and there is no permissive statute or other legal consent to the suit, the order should be sustained.

No statute or other consent to the action by plaintiff is pleaded or suggested. We have passed on similar questions in the following cases which we consider decisive of the case at bar in favor of the ruling of the trial court. Oklahoma Agricultural and Mechanical College v. Willis, 6 Okla. 593, 52 P. 921; National Surety Co. v. State Banking Board, 49 Okla. 184, 152 P. 389; Patterson v. City of Checotah, 187 Okla. 587, 103 P. 2d 97; Wentz v. Potter, 167 Okla. 154, 28 P. 2d 562; Antrim Lumber Co. v. Sneed, 175 Okla. 47, 52 P. 2d 1040.

We are not unmindful of the rule announced in Wentz v. Ingenthron, 146 Okla. 165, 294 P. 154, and related authorities, wherein it is held that an aggrieved citizen is not left without recourse against the unlawful acts of officers of a commonwealth because such commonwealth is sovereign where the citizen is being deprived of some constitutional right or the officials have attempted to enforce some illegal order or an illegal official decree. But such is not the case in the present action. Plaintiff is not seeking injunctive or mandatory relief against the illegal acts of individuals purporting to act in their official capacity. This is an action in damages for breach of contract, and plaintiff seeks a money judgment, and in the absence of permission given by the sovereign such action cannot be maintained. In Oklahoma Agricultural and Mechanical College v. Willis, supra, the court in holding that an action against the college in its corporate capacity was an action against the state cited and approved Drake v. Board of Trustees, 11 Iowa, 54, wherein an action against the board very similar to that in the case at bar was declared to be an action against the state.

The order sustaining the demurrer to the petition and dismissing the action is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur.