Dovie M. WILLIAMS, Appellee,

v.

The STATE of Oklahoma, Central State Griffin Memorial Hospital and State Department of Health, Appellants.

No. 56765.

Supreme Court of Oklahoma.

March 6, 1984.

---

Fielding D. Haas, Norman, for appellee.

Jan Eric Cartwright, Atty. Gen., Neal Leader, Asst. Atty. Gen., Oklahoma City, for appellants.

BARNES, Chief Judge:

Ronald Williams suffered with mental illness for most of his life. He had on numerous occasions been confined to mental hospitals while experiencing periods of confusion and disorientation. Central State Griffin Memorial Hospital admitted Williams to a secure or "closed" ward on January 12, 1979. His physician later transferred him to an "open" ward with instructions that Williams was to be "closely watched". Several days after his transfer to the less secure ward, Williams wandered away from the hospital and died of exposure in a bird sanctuary approximately one half mile from the hospital complex.

The decedent's spouse, Dovie Williams, brought suit for wrongful death against the State of Oklahoma, the Department of Mental Health and Central State Griffin Memorial Hospital. After the trial court overruled the defendant's demurrer, the state instituted an original action in this court seeking a writ of prohibition, claiming that the trial court lacked subject matter jurisdiction by virtue of the shield of governmental immunity. We declined to assume original jurisdiction, and the case proceeded to trial. The jury returned a verdict of $50,815.00 against the defendants and judgment was entered on the verdict from which the state appeals.

The threshold question raised by the appellants is whether all operations of Griffin Memorial Hospital fall within the governmental function category which immunizes state agencies, officers or employees from liability for negligence in the performance of a governmental duty. *Terry v. Edgin*, 598 P.2d 228 (Okl.1979).

■ Appellee relies on dictum of *Neal v. Donahue*, 611 P.2d 1125 (Okl.1980), and urges that *Neal* stands for the proposition that Oklahoma's mental health facilities operate in a proprietary capacity in the area of patient care. Although in distinguishing *Neal* from *Hershel v. University Hospital Foundation*, 610 P.2d 237 (Okl.1980), we pointed out that "[i]n *Hershel*, we were dealing with the hospital's duty toward its patient", this distinction applies to the public versus private interests which separate *Neal* and *Hershel*. *Neal* at 1128. *Neal* announced the rule that Griffin Memorial Hospital functions as a governmental entity. While operating as an arm of the state, the hospital will continue to be protected by the doctrine of sovereign immunity.[1]

The holding in *Neal* stands supported by the Oklahoma Constitution and Statutes which clearly identify mental health as a matter of public concern. Our constitution requires that the Legislature establish mental health facilities for the benefit of the people. Okla. Const. art. 21 § 1. The

---

1. The doctrine of governmental immunity remains undisturbed by our decision in *Vanderpool v. State of Oklahoma et al.* 672 P.2d 1153 (Okla.1983) which becomes effective October 1, 1985.

Legislature established these facilities which are operated on a non-profit basis as a service to Oklahoma's citizens. 43A O.S. 1981 §§ 31(1), 112. Mental health care may not be denied, "limited or conditioned in any manner by the [patient's] financial status or ability to pay." 43A O.S.1981 § 111.

Thus, the public service status of Oklahoma's mental health facilities remove them from the proprietary category since the state has not voluntarily assumed "the exercise of powers intended for private advantage." *Herschel* at 239. Rather than competing with costly private mental hospitals, Oklahoma's facilities stand apart, supported by the people on a non-profit basis as service organizations of the state.

 We therefore hold that all functions of Griffin Memorial Hospital are governmental. As governmental agencies operating in wholly governmental capacities, all defendants below are immune from suit. The trial court lacked subject matter jurisdiction and the case is therefore reversed and remanded for dismissal.

BARNES, C.J., SIMMS, V.C.J., and HODGES and HARGRAVE, JJ., concur.

OPALA and WILSON, ALMA D., JJ., concur by reason of Stare Decisis.

LAVENDER, J., dissent.