Edwinna Gayle Dover
**GINGLES, Appellant,**

v.

**The STATE of Oklahoma, ex rel. CENTRAL STATE GRIFFIN MEMORIAL HOSPITAL; Shirley Tash, Personnel Director, in her official and individual capacities; The State Department of Mental Health; Office of Personnel Management, State of Oklahoma, James Thomas, in his individual and official capacities as administrator, Appellees.**

No. 64341.

Supreme Court of Oklahoma.

Jan. 19, 1988.

Stephen L. Olson, D. Craig Johnston, Pierce Couch Hendrickson Johnston & Baysinger, for appellant.

Michael C. Turpen, Atty. Gen., Neal Leader, Asst. Atty. Gen., Oklahoma City, for appellees.

SUMMERS, Justice.

The dispositive issue here is whether the Central State Griffin Memorial Hospital and certain state employees were shielded by sovereign immunity in this pre-Vanderpool suit for retaliatory discharge. Finding that they were, we affirm the summary judgment pronounced by the District Court in favor of the defendants.

Plaintiff received a disabling back injury while moving a patient in the course of her employment on April 22, 1983. She filed her claim for Workers' Compensation and had not yet been released to return to work on May 13, 1983 when she was discharged. The reason given by the employer was that all her sick leave and annual leave had been used up and her position needed to be filled. It relied on Merit System Rule 1420(13) which provided in pertinent part:

"If all accrued sick and annual leave is used, the employee may be granted sick leave without pay, other leave without pay, *or terminated.*" (emphasis added)

Plaintiff filed suit in district court, claiming to have been illegally discharged in retaliation for having instituted her compensation claim. In addition to naming the State as defendant she also sued Dr. Shah, the Hospital Administrator; Ms. Tash, the Hospital Personnel Director; and Mr. Thomas, the Administrator of the State Office of Personnel Management. The trial court sustained motions for summary judgment for all defendants except Dr. Shah, who is not a party to this appeal. The plaintiff appeals.

The trial court accorded great weight to *Williams v. State,* 678 P.2d 259 (Okl.1984), where plaintiff brought a wrongful death action against the State, ex rel. this identical hospital. Identifying mental health and the non-profit treatment of same as matters of public concern this Court on appeal said:

"We therefore hold that all functions of Griffin Memorial Hospital are governmental. As governmental agencies operating in wholly governmental capacities, all defendants below are immune from suit." *Id.* at 261.

We noted in *Williams* that pending the effective date of *Vanderpool v. State,* 672 P.2d 1153 (Okl.1983) (which was established as October 1, 1985) the doctrine of governmental immunity would remain undisturbed. Thus, the doctrine was available for the benefit of today's defendants, and the trial court so held.

■ Plaintiff on appeal argues that the Legislature in providing that the State and its various agencies must provide workers' compensation insurance coverage[1] has by implication waived its immunity to actions for wrongful termination, but she furnishes us no pertinent authority. Generally, we have held that the State's waiver of immunity cannot be implied. See e.g. *Patterson v. City of Checotah,* 187 Okl. 587, 103 P.2d 97 (1940). We have found an implied waiver of immunity to the extent that the Legislature has authorized insurance coverage and such coverage has been present. *Lamont Ind. Sch. Dist. No. I–95 v. Swanson,* 548 P.2d 215 (Okl.1976); *Schrom v. Okla. Industrial Development,* 536 P.2d 904 (Okl.1975). To the extent that Title 85 requires the State to provide Workers' Compensation Coverage the State has waived its immunity, as coverage is present and recovery on the compensation claims are not against the general funds of the state. But such cannot be said to be a waiver of tort liability; Title 85 neither requires nor authorizes the state to insure itself against actions for retaliatory termination.

Although not specifically urged by the plaintiff we have examined the statute relied upon to learn if perhaps the Legislature has expressly waived the State's immunity therein. 85 O.S.1981 § 5 provides:

"No *person, firm, partnership,* or *corporation* may discharge any employee because the employee has in good faith

---

1. Such coverage is mandated by 85 O.S.1981 § 2b.

filed a claim ... under the provisions of Title 85...." (Emphasis added).

From 85 O.S.1981 § 3 we get the following definition:

"(3) 'Employer' ... means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, *departments instrumentalies and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof,* employing a person included within the term 'employee' as herein defined." (Emphasis added).

It appears to us that if the Legislature had intended public employers to be liable under § 5 it would have either (1) expressly included them along with "person[s], firm[s], partnership[s] or corporation[s]," or (2) simply said "No *employer* shall discharge etc." "Expressio unius est exclusio alterius" as a rule of statutory construction is a helpful aid where legislative intent does not appear to the contrary. *Williams v. Lee Way Motor Freight,* 688 P.2d 1294, 1297 n. 8 (Okl.1984).

Section 6.1 [2] (which was added only in 1986) does not purport to fix responsibility in such cases, but rather limits the amount of liability should a court hold that liability does attach to such a public employer. It does not overcome the clear language of § 5 in place at the time of events giving rise to this suit.

Finding no waiver of governmental immunity we hold that the trial court correctly dismissed the suit as to the State and its subdivisions. *Williams,* supra.

Plaintiff urges that even if sovereign immunity insulates the State from suit she should be allowed to proceed against the individual officials named. We have dealt with that concept in *Neal v. Donahue,* 611 P.2d 1125 (Okl.1980) wherein we said:

"It is generally recognized that public officers and employees would be unduly hampered, deterred, and intimidated in the discharge of their duties, if those who act improperly, or even exceed the authority given them, were not protected to some reasonable degree by being relieved from private liability." (P. 1129) As high-level government executives and officials must feel free to act on their discretional decisions as they see fit, without being subject to influence by the threat of harassing suit, such officials are generally accorded immunity from suit, as long as they are acting in good faith and not in a willful and wanton manner. If such were not the case, the administration of government would be seriously impaired. Additionally, if, in a tort action, a court sought to pass judgment upon an administrator's decision, the court would be, in actuality, second-guessing the policy determinations of a coordinate branch of government, Likewise, government administrators and officials are not liable for the negligence of their subordinates as long as the administrator was not acting in a willful or wanton manner, or acting in bad faith. (*Id.,* pp. 1129, 1130).

The allegations against defendant Thomas were that he promulgated personnel rules which were violative of 85 O.S.1981 § 5. An examination of the rules discloses no such contradiction. Defendant Tash is alleged to have violated the personnel policies of the Hospital and the State, but it is undisputed that Merit Board Rule 1420(13) was in effect at the time.

■ It is clear that under the *Neal v. Donahue* rule both Thomas and Tash, as Administrator of the Office of Personnel Management and Hospital Personnel Director, respectively, were high level government officials. As such they were protected by governmental immunity so long as they acted in good faith and not in a willful or wanton manner. The material

---

**2.** 85 O.S.Supp.1986 § 6.1:

The liability of the state or any political subdivision as defined in Section 152 of Title 51 of the Oklahoma Statutes, that is found in violation of Section 6 of Title 85 of the Oklahoma Statutes shall be limited to the limits of liability contained in the Governmental Tort Claims Act.

before the trial court in the Rule 13 proceedings included no controverted facts which would support a finding of such bad faith against either defendant individually.

The judgment of the trial court is in all respects affirmed.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER and ALMA WILSON, JJ., concur.

SIMMS, J., concurs in result.

OPALA, J., concurs in part and dissents in part.

KAUGER, J., disqualified.