**Janice PRESSON, Appellant,**

v.

**KAY COUNTY BOARD OF COMMISSIONERS,**
Appellee.

No. 72234.

Court of Appeals of Oklahoma, Division 1.

Feb. 5, 1991.

Thomas S. Evans, Ponca City, for appellant.

Donald C. Welch, Newkirk, for appellee.

MEMORANDUM OPINION

PATRICIA DOUGHERTY MacGUIGAN, Judge:

Appellant brought action below against the Kay County Board of Commissioners (Appellee) alleging she was illegally discharged in retaliation for having pursued a workers' compensation claim. The trial court granted summary judgment in favor of Appellee on the grounds that it was immune from liability pursuant to the doctrine of governmental immunity. This appeal results.

Appellant was employed for a number of years as a Deputy Clerk in the County Assessor's Office of Kay County, Oklahoma. On December 1, 1983, Appellant sustained an accidental personal injury in the course of her employment. Appellant

underwent surgery then filed a claim for workers' compensation benefits in 1984, subsequently returning to full time employment. On December 19, 1985, the Workers' Compensation Court determined Appellant to be permanently disabled and awarded Appellant workers' compensation benefits. The following week, Appellant was terminated from her employment with Appellee. After Appellant's retaliatory discharge claim against Appellee was denied, Appellant filed the present action.

Herein, Appellant contends that 85 O.S.1981 § 5 specifically allows a retaliatory discharge action to be brought against the State or any political subdivision thereof. We agree. Oklahoma's Governmental Tort Claims Act, 51 O.S.Supp. 1985 § 151 et seq. (hereinafter Tort Claims Act) was enacted some two months prior to Appellant's termination of employment which forms the basis of her cause of action. That Act, at § 153, provides in pertinent part as follows:

> The State or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment ... where the State or political subdivision, if a private person or entity, would be liable for money damages under the laws of this State.

This, then, mandates that Appellee County may be held liable for the torts of its employees acting within the scope of their employment. In the case of *Webb v. Dayton Tire and Rubber Co.*, 697 P.2d 519, 523 (Okl.1985), the Oklahoma Supreme court characterized the retaliatory discharge prohibition of 85 O.S.1981 § 5 as "the doctrine of a civil tort cause of action".

However, both the trial court and Appellee accorded great weight to the case of *Gingles v. Central State Griffin Memorial Hospital*, 749 P.2d 105 (Okl.1988) in which the Supreme Court found the Hospital, as a state agency, immune from suit on a retaliatory discharge cause of action. We find *Gingles* distinguishable for two reasons. We first note that the cause of action against the Hospital in *Gingles*

arose prior to the passage of Oklahoma's Governmental Tort Claims Act. See, also, *Vanderpool v. State*, 672 P.2d 1153 (Okl. 1983). Thus, and as the *Gingles* Court acknowledged, the doctrine of governmental immunity was available to defendant Hospital. This is not so in the instant case where the cause of action arose after both the effective date of *Vanderpool* and the passage of the Tort Claims Act.

More troublesome to this Court, however, is the language of the *Gingles* Court in its interpretation of 85 O.S.1981 §§ 3 and 5. In *Gingles*, the Supreme Court, after finding no waiver of immunity by the Hospital by virtue of providing workers' compensation insurance coverage, turned its attention to §§ 3 and 5 to ascertain if the statutory language itself provided a waiver of immunity—while noting that the issue of statutory waiver had not been specifically urged. Those statutes provided in part then, as now, respectively:

> Section 3. Definitions
>
> (3) "Employer" ... means a person, partnership, association, corporation, the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, departments, instrumentalities and institutions of this state and divisions thereof, counties and divisions thereof, public trusts, boards of education and incorporated cities or towns and divisions thereof ...
>
> Section 5. Claim—Discharge of Employee
>
> No person, firm, partnership, or corporation may discharge any employee because the employee has in good faith filed a claim ... under the provisions of Title 85 ...

The *Gingles* Court, in determining that § 5 did not apply to employees of the State or its subdivisions, stated:

> It appears to us that if the Legislature had intended public employers to be liable under § 5 it would have either (1) expressly included them along with "person[s], firm[s], partnership[s] or corporation[s]," or (2) simply said "No employer shall discharge etc." "Expressio unius

est exclusio alterius" as a rule of statutory construction is a helpful aid where legislative intent does not appear to the contrary. (Citation omitted; emphasis original).

*Gingles*, 749 P.2d at 107.

Appellant argues that the passage of 85 O.S.Supp.1986 § 6.1 clearly evidences the intent of our legislature to include employees of the State and/or its sub-divisions within the scope of § 5 potential liability. In that regard, § 6.1 provides:

> The liability of the state or any political subdivision ... that is found in violation of Section 6 [which provides damages for violation of § 5] shall be limited to the limits of liability contained in the Governmental Tort Claims Act.

85 O.S.Supp.1986 § 6.1.

The Supreme Court in *Gingles* dismissed the argument with respect to § 6.1 by finding that statute did not "purport to fix responsibility in such cases, but rather limits the amount of liability should a court hold that liability does attach" to an employee of the state or a subdivision thereof. The *Gingles* Court then concluded that § 6.1 did not "overcome the clear language of § 5 in place at the time of events giving rise to this suit". 749 P.2d at 107.

We view the Supreme Court's pronouncements vis-a-vis interpretation of the applicability of §§ 3 and 5 to employees of the state and/or its subdivisions as dicta and not binding on this Court in the instant case. We also note that the *Gingles* Court prefaced its interpretation of the effect of the passage of § 6.1 by restricting same to the time of the events which gave rise to the action in *Gingles;* i.e., a pre-*Vanderpool* and -Tort Claims Act cause of action. See *Vanderpool*, 672 P.2d at 1153 and 51 O.S.1981 § 151 et seq. *Vanderpool* specifically held that a local governmental entity would be liable from and after October 1, 1985 for torts of its employees "under circumstances where the entity, if a private person, would be liable to the Claimant". *Vanderpool*, 672 P.2d at 1156. As noted above the Tort Claims Act, passed soon after the effective date in *Vanderpool*, provided the same.

In light of the language in *Vanderpool* and the Tort Claims Act, we therefore hold that 85 O.S. §§ 3 and 5, while arguably not allowing for inclusion of a local governmental entity as an "employer" at the time of the events giving rise to the cause of action in *Gingles*, do in fact include such an entity. That is, *Vanderpool*, followed by the enactment of the Tort Claims Act, specifically equated a tort committed by an employee of a local governmental entity with a tort committed by a private person. Thus, the provisions in § 5 applying to "person" would be equally applicable to a local governmental entity. We find this view strengthened by and consistent with the unequivocal language of § 6.1 acknowledging potential liability of a political subdivision of the state for violation of the provisions of the § 5 prohibition against retaliatory discharge, stating only that there are limits to such liability.

█ Nor are we persuaded by Appellee's rhetorical argument that certain of the exemptions from liability under the Tort Claims Act, codified at 51 O.S.1981 § 155, insulate Appellee from liability and mandate summary judgment in its favor. Section 155 states that a political subdivision of the State is not liable if a claim (or loss) results from "performance of or the failure to exercise or perform any act or service which is in the discretion of the State or political subdivision or its employees" or "any claim covered by any workers' compensation act or any employer's liability act". 51 O.S.1981 § 155(5) and § 155(14).

With reference to sub-section 5, we find an alleged act of retaliatory discharge not a discretionary function available to employees of Appellee; rather, such act is recognized as a specific tort as previously noted herein. See, *Webb v. Dayton Tire and Rubber Company*, 697 P.2d 519, 523 (Okl.1985). As to sub-section 14 exempting claims covered by the workers' compensation act, we find this exemption restricted to those cases in which a claim is based on a physical injury and subject to adjudica-

tion by the Workers' Compensation Court, not to a tort cause of action as in the instant case. We therefore find Appellee not exempt from liability under the Tort Claims Act.

Thus, and for the reasons stated herein, we find the trial court erred in granting summary judgment to Appellee on the grounds of governmental immunity. We therefore reverse the trial court's order and remand this matter for further proceedings.

Reversed and remanded.

ADAMS, P.J., and BAILEY, J., concur.