## BODINE, County Clerk, v. McDANIEL AUTO CO.

No. 9108—Opinion Filed Feb. 5, 1918.

(170 Pac. 899.)

1. **Mandamus — Peremptory Writ—Hearing of Testimony.**

In mandamus proceedings, where the averments in the alternative writ are sufficient to authorize the relief sought, and the return of the respondent does not state a defense, it is not error for the trial court to grant the peremptory writ without hearing testimony.

2. **Mandamus — Claim Against County—Warrant — Attestation by County Clerk —Ministerial Act.**

When a claim against the county has been presented to and allowed by the board of county commissioners, the attesting by the county clerk of a warrant drawn in payment thereof is a purely ministerial act as to which there is no discretion, and it is the legal duty of the clerk to attest the warrant without regard to the opinion of the clerk as to the lawfulness of the claim.

3. **Same—Right to Writ.**

If the county clerk refuses to attest a warrant ordered by the board of county commissioners and signed by the chairman thereof, in payment of a claim allowed by such board, the claimant may compel the clerk to attest such warrant by mandamus.

(Syllabus by Stewart, C.)

Error from District Court, Oklahoma County; John W. Hayson, Judge.

The relator, McDaniel Auto Company, brings action in mandamus against the respondent, Tom Bodine, County Clerk of Oklahoma County. From judgment awarding the peremptory writ, the respondent appeals. Affirmed.

J. S. Estes, for plaintiff in error.

John H. Halley and Vaught & Brewer, for defendant in error.

Opinion by STEWART, C. The district court, on application of the relator, awarded peremptory writ of mandamus commanding the respondent, Tom Bodine, as county clerk of Oklahoma county, to attest a warrant ordered by the board of county commissioners of said county in payment of a claim of the relator against the county, duly presented to and allowed by such board, from which action of the trial court appeal is duly made.

In response to the alternative writ the respondent alleges that the warrant ordered was in payment of balance due on an automobile claimed by the board to have been purchased as necessary equipment in connection with road and bridge work of the county; that the purchase of such automobile was unlawful and unauthorized, not being a necessary vehicle or equipment for such work; and that, as a matter of fact, the same was used by the members of the board for their private use and benefit and not in the furtherance of road and bridge work. The trial court held that the return to the alternative writ was not sufficient and ordered the peremptory writ to issue. In State ex rel. Friend, County Atty., v. Cummings et al., 47 Okla. 44, 147 Pac. 161, this court, speaking through the late Mr. Justice Brown, says in the syllabus:

"Where the return to an alternative writ of mandamus fails to state a valid and legal cause why the things commanded should not be performed by respondent, a peremptory mandamus should issue, and a denial thereof and dismissal of relator's action by the trial court is error for which the cause will be reversed and the case reinstated; and, when all parties interested are before the Supreme Court on appeal, and there remains no issue of fact to be submitted to the court or jury below this court will reverse the case and render the judgment the trial court should have rendered, granting peremptory mandamus."

The only questions to be determined in this case are therefore: First, whether or not the averments in the alternative writ are sufficient to authorize the relief sought; and, second, if such averments are sufficient, whether or not the return states a defense.

Much space is given by counsel in their briefs to a discussion of the authority of the board of county commissioners to make the purchase of an automobile as a part of the equipment for road and bridge work. The respondent strenuously contends that, even if the board has such authority, the allegations as to the use to which the commissioners actually appropriated the automobile constitute affirmative matter upon which the trial court should have heard testimony. We cannot see the materiality of such argument in the present action. No claim can be paid by the county until the same is duly filed and allowed by the board of county commissioners. In case of rejection by the board, the claimant may either appeal to the district

court or institute an independent action in a proper court on such claim. The authority to pass upon claims against the county is vested solely in the board of county commissioners. The duties of such board and those of the county clerk are entirely separate and independent. The county clerk has no power to approve or disapprove claims against the county, nor is there any provision for appeal from the board to such officer. The clerk, in attempting to pass upon the validity of a claim, usurps the functions of the board of county commissioners. There is no statute that makes the clerk in any way the guardian of the people's money or property, nor is he vested with any supervision in respect thereto. The statute provides ample means for relief in cases of misappropriation of county funds by the board of county commissioners or unauthorized expenditures of the county's money. Section 1640, Revised Laws 1910, as amended by chapter 117, Session Laws 1915, authorizes appeal from all acts of the board of county commissioners by all persons aggreived including the county by its county attorney. In the event that the county attorney refuses to appeal in matters in which the county is interested, it becomes his duty to do so, when he deems it to the county's interest, upon the written request of fifteen freeholders of the county. The county clerk would have the same right as any other citizen, if a freeholder, to join in such request to the county attorney. As a citizen, he would have the authority to procure the signatures of a sufficient number of freeholders and enforce an appeal. In addition to the protection thus afforded the public, it is also provided in section 3, chapter 186, Session Laws 1913:

"Any member of the board of county commissioners, township board, city council, board of trustees of incorporated towns, knowingly, willfully and intentionally allowing any claims or entering into any contract on the part of such county, township, city, or incorporated town, not specifically authorized by law, shall be deemed guilty of a felony and upon conviction shall be punished by imprisonment in the penitentiary for a term not to exceed five years, and the official bond of said officer shall in any event be liable for the amount or amounts of money so unlawfully expended or misappropriated."

In this case it is not necessary to express, nor do we express, any opinion as to the authority of the board of county commissioners to purchase the automobile. We merely hold that, if such authority does not exist, the county has ample protection, not through the county clerk, but through other means wisely provided by the Legislature. The county clerk has no more authority to assume the duties of the county commissioners than the county commissioners have to usurp the functions of the office of county clerk. It would be dangerous, indeed, to hold that acts of boards of county commissioners in allowing claims are subject to review by the county clerk or by any other officer not vested with judicial power. In case of partisan or factional differences, it would often result that the progress of the county's fiscal affairs would be blocked.

The fourth subdivision of section 1567, Revised Laws 1910, defines one of the duties of the county clerk to be "to attest all orders issued by the board and signed by the chairman thereof for the payment of money." Sections 1569 and 1589, Revised Laws 1910, further define the duties of the clerk as to warrants ordered to be issued; the concluding words of section 1589 being:

"All warrants drawn on the county treasurer shall be signed by the chairman and attested by the clerk."

In Hopley v. Benton, 38 Okla. 223, 132 Pac. 808, an analogous question was determined by this court in an opinion by Mr. Chief Justice Hayes, in which it is said:

"Where a claim is allowed by a school board of a city and a warrant is drawn under an order of the board in conformity with section 4, c. 80 (Sess. Laws 1910-11), it is the duty of the treasurer of the board to register such warrant when presented to him for that purpose, if the warrants theretofore drawn upon the fund upon which the warrant presented is drawn, together with the warrant presented, do not exceed the estimate of expenses for that fund approved by the excise board for the current fiscal year, in the registering of said warrant as required by section 5, c. 80 (Sess. Laws 1910-11), the treasurer exercises no discretion in the allowance or disallowance of a claim, but performs a plain ministerial duty, which he may be compelled by mandamus to perform upon his refusal to do so."

It is provided in section 4908, Rev. Laws 1910, that the writ of mandamus "may be issued on the information of the party beneficially interested." This court in the case just cited held that mandamus was the proper remedy; that the duties of the treasurer as to registering warrants are purely ministerial; and that the claimant had sufficient interest to maintain the action. An examination of the statutes will disclose that the duties of the county clerk as to attesting warrants are as purely ministerial as the duties of such treasurer in registering warrants. The county clerk incurs no liability in attesting what has been done by the board of county commissioners.

The members of the board of county commissioners and their bondsmen, not the county clerk, must respond in case of unlawful expenditure of public funds.

The duty of the county clerk being clear, and the relator having no adequate remedy in the ordinary course of law, the judgment of the trial court is affirmed, with directions to issue the peremptory writ.

By the Court: It is so ordered.