**LAUER v. CLARK, County Supt.**

No. 10387—Opinion Filed Nov. 22, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

**1. Pleading—Petition—Sufficiency on Demurrer.**

On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer.

**2. Mandamus — Petition — Sufficiency.**

Petition examined, and held sufficient to state a cause of action entitling the relator to a peremptory writ of mandamus, and it was error to sustain a demurrer to the petition.

Error from District Court, Cleveland County; F. B. Swank, Judge.

Mandamus by Charles Lauer against W. R. Clark, Superintendent of Public Instruction of Cleveland County. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with instructions.

Thos. W. Mayfield, James M. Gresham, and Williams & Luttrell, for plaintiff in error.

Dudley & Hardie, for defendant in error.

McNEILL, J. This action was commenced in the district court of Cleveland county by the state of Oklahoma, on relation of Charles Lauer, against W. R. Clark, county superintendent. The petition alleges that the plaintiff is the owner of certain land in Cleveland county, Okla., which properly constituted less than five per cent. of the assessed valuation of the independent school district of the city of Norman. That said land although · not within the corporate limits of the city of Norman, was on July 24, 1917, a part of school district which was district No. 29 and included the city of Norman and certain real estate lying outside the city limits. That prior to July 24, 1917, the plaintiff filed with the defendant as county superintendent a petition signed by a majority of the qualified electors residing on the real estate above described asking that the territory be detached from the independent school district, and on July 24, 1917, the county superintendent made an order detaching said land from the independent school district, and transferred the same to school district No. 28, and at said time the county superintendent changed the map, being part of the records of this office, showing the boundary line of the independent school district, and showing the land of plaintiff was detached from said independent school dis-

trict in conformity with his order. A copy of the petition filed with the county superintendent and order of the county superintendent are not attached to the petition, but it is alleged plaintiff is unable to obtain possession of the same and for that reason the same are not attached.

The petition alleges that several days thereafter (the plaintiff is unable to state the exact date) the defendant, without authority, illegally or without any application or petition from the plaintiff or anyone residing upon the real estate, made an order attaching the real estate back into the independent school district.

It is further alleged that the order made July 24, 1917, was never appealed from, and became valid and binding.

Plaintiff prayed for a writ of mandamus requiring the defendant to cause the records of his office to show that the real estate described had been detached from the independent school district. An alternative writ of mandamus was issued, and defendant appeared and filed a demurrer. Plaintiff filed a motion for judgment on the pleadings, which was overruled. The court sustained the demurrer to the petition, from which judgment the plaintiff has appealed.

The only question for consideration is whether the court erred in sustaining a demurrer to the petition. Section 4915, Revised Laws 1910, provides that the only pleading in a mandamus case shall be the petition and the answer. The court in the instant case, however, permitted the defendant to file a demurrer, and instead of the plaintiff moving to strike the demurrer, he moved for judgment on the pleadings. We think the proper procedure would be, instead of a motion for judgment on the pleadings, a motion to strike the demurrer. Whether this would amount to a waiver is unnecessary for us to decide. The court having sustained the demurrer and treated the pleadings as a demurrer instead of an answer, we will only consider whether he committed error in sustaining the same.

In considering this question we must be guided by the rule heretofore announced in this court by a long line of decisions, to wit:

"On a demurrer to a petition as defective, in that it does not state facts sufficient to constitute a cause of action, the petition must be liberally construed, and all its allegations taken as true for the purpose of the demurrer." Jackson v. Moore, 79 Okla. 59, 191 Pac. 590.

Section 4907, Rev. Laws 1910, provides, in substance, that a writ of mandamus may issue:

"To compel performance of any act which the law specifically enjoins as a duty, resulting from an office, trust or station."

For the purpose of this case the allegations of the petition must be taken as true.

That a writ of mandamus will issue where a county superintendent fails to perform the duty enjoined upon him by law was decided by this court in the cases of State ex rel. v. Ross, 76 Okla. 11, 183 Pac. 918, and Rasure v. Sparks, 75 Okla. 181, 183 Pac. 495. See, also, State ex rel. McClain v. Compton (Neb.) 44 N. W. 660.

The petition, when considered in the light of the decision of this court in the case of Fowler v. Green, 73 Oklahoma, 176 Pac. 222, stated a cause of action, and it was error to sustain a demurrer thereto. The defendant in error, however, contends that the petition did not state a cause of action, for the reason it contained no allegation that the defendant, in making the order attaching said land to the school district, made said order without the knowledge of the plaintiff or without the knowledge and agreement of one of the residents on the land hereinabove described. We think there is no merit in this contention, by applying the principle announced in the Jackson v. Moore Case, supra.

The second and third positions argued by defendant in error are based upon the theory that the plaintiff was a nonresident and did not reside within the territory being attached. These are questions of fact that should be pleaded, and are not disclosed upon the face of the petition, and therefore cannot be considered. These are defensive matters, which must be pleaded as such, before they can be considered by the court, and cannot be considered upon demurrer, when said facts do not appear from inspection of the pleadings.

For the reasons stated the cause is reversed and the case remanded, with instructions to overrule the demurrer, and take such other proceedings as are not inconsistent with the views herein expressed.

HARRISON. C. J.. and PITCHFORD, ELTING, and KENNAMER, JJ., concur.