### FRIO COUNTY v. SECURITY STATE BANK OF PHARR.
#### No. 2767.

Court of Civil Appeals of Texas. Waco.

Dec. 11, 1947.

Dobbins & Howard, of San Antonio, Woodrow Curtis, of Pearsall, and Gibson, Gibson & Boothman, of Austin, for appellant.

Goldsmith & Bagby, of Austin, Fritz C. Sorrell, of Pearsall, and Arthur P. Bagby and Chester M. Fulton, both of Austin, for appellee.

TIREY, Justice.

This is a suit (non-jury) for declaratory judgment. The Security State Bank of Pharr brought this suit against Frio County to declare that it did not have the right to call in for payment prior to maturity certain road refunding bonds issued by Frio County and owned by plaintiff. The County contended that it had such right as a matter of law, and by way of cross-action asked the court to declare that plaintiff's right in the bonds was limited to receive the par value of the bonds and interest up to the date the bonds were called in for payment. The court found that the County did not have such rights and entered judgment accordingly, and the County has appealed.

The facts are not in dispute. The original bonds were issued in 1913, pursuant to an election held under Chap. 1, Title 18, R.C.S.1911, Vernon's Ann.Civ.St. art. 701, et seq. The bonds in suit are a part of the $60,000 issue of road refunding serial bonds issued by Frio County on December 15, 1937, to refund certain outstanding 1913 road bonds of the above series. The order of the Commissioners' Court authorizing the issuance of these bonds provided in part: "That refunding bonds in the principal amount of Sixty Thousand ($60,000.00) Dollars of Frio County, Texas, to be known as 'Frio County, Texas, Road Refunding Bonds', shall be issued on the faith and credit of said Frio County, Texas, under and by virtue of House Bill No. 312, being Chapter 163, of the General Laws, as passed by the Regular Session of the 42nd Legislature, which became effective on May 21st, 1931, and by virtue of the Constitution and Laws of the State of Texas, in the amount of Sixty Thousand ($60,000.00) Dollars."

The 1937 refunding bonds are numbered 1 through 60 and provide as follows with reference to redemption prior to maturity: "Frio County does not reserve the right to redeem before maturity any of the bonds numbered from one (1) to forty-eight (48), both inclusive, of this refunding bond issue; however, Frio County does hereby expressly reserve the right to mature and redeem, before maturity, on any interest paying date on and after April 10th, 1943, any or all of bonds numbered from forty-nine (49) to sixty (60), both inclusive, of this issue of Refunding Bonds, by paying principal and accrued interest. In case any of said Refunding Bonds numbered from forty-nine (49) to sixty (60), both inclusive, shall be called in for redemption before maturity on any interest paying date on or after April 10th, 1943, notice thereof in writing shall be given to the Office of the State Treasurer at least thirty (30) days before the date fixed for redemption, and all bonds thereby called for redemption and not presented for payment on the said date fixed for redemption interest shall cease thereon from and after said date."

About April 1, 1943, appellee, in due course of business, purchased bonds Nos. 37 to 42, both inclusive, and Nos. 47 and 48. These bonds had an aggregate par value of $8000. Bonds Nos. 37 to 42, both inclusive, provide on their face that they are to mature on April 10, 1952, and Bonds Nos. 47 and 48 were made to mature on April 10, 1953. Appellee paid the par value of $8000, plus accrued interest, plus a premium of $1,332.34, and appellee is now the legal and equitable owner and holder in due course of these bonds. On August 27, 1943, an order was passed by the Commissioners' Court of Frio County authorizing and directing the County Treasurer to give notice to the State Treasurer at Austin, at least thirty days prior to the date fixed for the redemption of such bonds, that Bonds Nos. 6 to 48, both inclusive, of Frio County Refunding Bonds, dated December 15, 1937, were called for payment on October 10, 1943 at the office of the State Treasurer at Austin, Texas. Such order also provided that the bonds called for redemption which were not pre-

sented on October 10, 1943, would cease to bear interest from and after that date. Appellee Bank refused to surrender its bonds on October 10, 1943, and thereafter Frio County refused to pay any of the interest coupons attached to said bonds which matured after said date. This action of Frio County caused this suit to be filed.

The judgment of the trial court is assailed substantially on the ground that the bonds were authorized only by Art. 725, R.C.S.1925, and were issued under such Article and under Chapter 2, R.C.S.1925, Vernon's Ann.Civ.St. art. 718 et seq., and that since Art. 720, R.C.S. was at that time and is now a part of the same chapter, its provisions must be read into and form a part of the contract of each bond. We do not share this view.

House Bill No. 312, aforesaid, became Article 2368a, Vernon's Ann.Civ.St., and is referred to as the Bond and Warrant Law of 1931. It is obvious that the Commissioners' Court of Frio County elected to issue its refunding bonds in 1937 under the provisions of the above Act. In so doing, they elected to provide that some could not be redeemed prior to the maturity dates provided in the bonds, and at the same time provided that others could be. Such statute was available to the Commissioners' Court of Frio County in order that it might handle its business affairs with reference to the issuance of refunding bonds in such manner as would seem to the best advantage of Frio County. We can conceive of no reason why Frio County should not be bound by its election.

■ We think the title to H. B. 312 is significant, which reads in part as follows: "An Act * * * providing for the funding and refunding of legal indebtedness of counties and cities; providing for the approval by the Attorney General and registration of tax supported bond, funding and refunding bonds as now required by law; * * *." Our Supreme Court, in commenting upon this Act, in Dallas County v. Lockhart, 128 Tex. 50, 96 S.W.2d 60, 62, said:

"The Forty-Second Legislature, in 1931, c. 163, enacted a rather comprehensive law which in its body provides that its short title shall be 'Bond and Warrant Law of 1931.' This entire act is brought forward in Vernon's Annotated Texas Statutes as Article 2368a. Section 7 thereof treats of funding and refunding by counties and cities of all outstanding legal debts and bonds. * * * The above statutes, beyond doubt, vest in counties the right to issue refunding bonds, and do not restrict the exercise of that right to any particular refunding method. * * *

"The question (referring to refunding bonds) must be viewed in its larger aspect, keeping in mind the ruling legislative purpose in the enactment of the various statutes. All of the statutes with reference to redeeming and refunding are complementary to one another and should be considered together. Thus considered, they clearly evidence a legislative intent to vest counties and municipalities, as nearly as may be, with the same rights as other creditors, by providing a flexible, equitable, and businesslike plan for financing their bonded indebtedness to meet changing conditions." (Parenthesis ours.)

In Jefferson County v. Sellers, Tex.Sup., 180 S.W.2d 138, 141, our Supreme Court, in discussing our statutes relating to the refunding of bonds, said: "* * * it is always essential that bond contracts be as free from uncertainties as possible in order that the full extent of the contract may be readily ascertainable; otherwise the bonds may not bring their full value and the taxpayers will suffer." The court, in specifically discussing Article 2368a, aforesaid, said: "In view of the fact that the act so clearly authorizes the Commissioners' Court to fix the date for the payment of such bonds, we are likewise of the opinion that the provision that 'Such bonds shall be executed and issued in the same manner now provided by law for the execution and issuance of bonds to refund outstanding county or city bonds,' is not sufficient to incorporate and make applicable thereto the provisions of Article 720 relating to the right to redeem the bonds prior to their maturity."

■ We think that these general statements by our Supreme Court are ap-

234

plicable to the situation here presented. It is clear to us that since the order of the Commissioners' Court expressly provided that Frio County did not reserve the right to redeem the bonds in question prior to their maturity (and such provision was incorporated into the bonds in suit) but did expressly reserve such right as to a part of the series, Frio County specifically elected to refund said bonds under the provisions of H.B. 312, and it is bound thereby. See Jefferson Co. v. Sellers, supra; State Nat. Bank of El Paso v. Tarrant Co., Tex.Sup., 199 S.W.2d 152; Gavin v. Potter County, Tex.Civ.App. 187 S.W.2d 705 (writ ref.). Our view is that when our government and its political subdivisions elect to make contracts under certain provisions of our statutes and such statutes are by our courts held to be valid, such contracts must be enforced according to their express terms and provisions, unless they are waived.

Accordingly, the judgment of the trial court is affirmed.