**Paul William POLIN, Plaintiff in Error,**

v.

**RETAIL CREDIT COMPANY, Defendant
in Error.**

No. 42069.

Supreme Court of Oklahoma.

May 5, 1970.

Rehearing Denied June 16, 1970.

William M. Northcutt, Tulsa, for plaintiff in error.

E. J. Doerner, Philip N. Landa, Tulsa, for defendant in error.

HODGES, Justice.

This is an appeal from an order sustaining a demurrer to the pleadings in an action for a writ of mandamus. Plaintiff, Paul William Polin, alleged in his petition below that the defendant, Retail Credit Company, was in the business of publishing, reporting and furnishing financial and credit ratings, and for five years they had written and published opinions about plaintiff's financial and credit rating. Plaintiff complains that under 24 O.S.1961, § 82, defendant was required to mail a copy of these opinions to the plaintiff, but that defendant had failed to comply with this statutory mandate.

Plaintiff sought in the action below for a writ of mandamus compelling the defendant to mail to him all of the written opinions about his financial or credit standing. An alternative writ was issued and served upon the defendant. Plaintiff then filed a request for interrogatories. Defendant answered and filed various motions including a demurrer and motion to dismiss. The trial court denied plaintiff's motion for interrogatories and sustained defendant's demurrer and motion to dismiss. From this order plaintiff appeals.

It appears that the order sustaining the demurrer was based upon a statement by plaintiff's counsel that defendant does not circulate among retail business concerns a book or list as to the credit or financial standing of any person as provided under 24 O.S. § 84. If this statute was the only statute involved then the order of the trial court would be correct. However, the relief sought by plaintiff's petition and alternative writ is not based on section 84, but under the provisions of section 82 of the same title which provides:

"Whenever an opinion in writing upon the financial or credit standing of any person is about to be submitted for the purpose of establishing a financial or credit rating of customers, to be used by the retail business concerns, the person, firm or corporation submitting such opinion shall first mail a copy of such opinion to the person about whom the opinion is given, at his proper postoffice address."

Section 84 only regulates the credit or financial ratings of persons contained in a "book or list." Section 82 applies to those "opinions in writings" that are submitted to a retail business concern for the purpose of establishing a financial or credit rating of a particular customer. In such instances the statute requires that the customer be mailed a copy of the opinion.

Defendant then argues, as applied to section 82, the petition of the plaintiff is fatally defective in two respects. They point out that under the provisions of this stat-ute the petition must allege the credit or financial opinion was furnished to a "retail business concern", and that plaintiff was a "customer or prospective customer" of that business. They contend the petition fails to allege these essential facts, and for that reason the order of the trial court sustaining a demurrer to pleadings is proper.

A demurrer or motion to dismiss is not a proper pleading in a mandamus action. Thompson v. Rhyner, 86 Okl. 146, 206 P. 609 (1922); Lauer v. Clark, 84 Okl. 206, 202 P. 1035 (1922). The only pleadings allowed are the writ and the answer. 12 O.S. § 1459. However, in absence of a motion to strike, and under a prevailing liberal attitude in matters of pleading in this jurisdiction, the demurrer may be treated as an answer admitting facts stated and invoking the court's application of the law. State ex rel. Dawson v. Dinwiddie, 186 Okl. 63, 95 P.2d 867 (1939).

Under the above authorities and statute, the defendant's demurrer and motion to dismiss is not a challenge to the petition of the plaintiff as such, but rather to the alternative writ. We must then examine the alternative writ to determine if it warrants the judgment of the trial court.

The language in the alternative writ clearly states defendant is furnishing financial and credit opinions to retail business concerns. The writ states in part:

"* * * and that said defendant for the past five years has published and written certain financial and/or credit standings concerning the plaintiff, Paul Wm. Polin, to be used by *retail business concerns,* * * *." (Emphasis supplied.)

Although the alternative writ does not specifically allege plaintiff was a customer or prospective customer of a retail business concern who was furnished a financial or credit report, there is a reasonable inference from the language that they were furnished these financial opinions for the purpose of extending him credit as a customer. There is no suggestion or inference that plaintiff was seeking a job and that

these retail businesses were prospective employers, but on the contrary, the language in the writ suggests and infers that the business concerns were furnished financial opinions about plaintiff for the purpose of evaluating him as a customer.

We are of the opinion the alternative writ presents a justiciable issue for determination under the provisions of 24 O.S. § 82, and the order of the trial court sustaining a demurrer to the pleadings is accordingly reversed.

Plaintiff in his final proposition contends the trial court erred in sustaining defendant's Motion to Quash Interrogatories and overruling plaintiff's Motion to Compel Answers to Interrogatories. That question obviously depended upon the opinion of this court on the demurrer. The trial court is therefore directed to reinstate plaintiff's action in mandamus and to reconsider plaintiff's Motion To Compel Answers to Interrogatories.

Reversed with directions.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and McINERNEY, JJ., concur.