**STATE of Oklahoma ex rel. OKLAHOMA CAPITOL IMPROVEMENT AU-THORITY, Petitioner,**

v.

**E. A. COWEN CONSTRUCTION COMPANY, Respondent-Cross-Applicant.**

**No. 47145.**

Supreme Court of Oklahoma.

Jan. 17, 1974.

———◆———

Larry Derryberry, Atty. Gen., Paul C. Duncan, Asst. Atty. Gen., and Marvin C. Emerson, First Asst. Atty. Gen., Oklahoma City, for petitioner.

V. P. Crowe, Andrew M. Coats, Oklahoma City, Richard N. Steed, Shawnee, for respondent-cross-applicant.

IRWIN, Justice:

Two public works contracts were entered into by the State of Oklahoma, ex rel. Oklahoma Capitol Improvement Authority

[Authority], with E. A. Cowen Construction Company [Cowen]. As a result of questions to be litigated in some pending criminal proceedings later discussed, Authority has withheld payment of certain sums allegedly due and owing Cowen for work completed under the terms of these contracts.

In this original proceeding, Authority requests this Court's guidance in determining whether the payments should be made to Cowen in light of the questions raised in the criminal proceedings.

Cowen's cross-application seeks a writ of mandamus directing Authority to approve and pay the claims for the sums allegedly due and owing under the terms of the contracts.

We will first discuss the status of the two contracts involved.

### FIRST CONTRACT

The December 16, 1972 contract, in the amount of $7,820,500.00, was for the construction of a tax and an education building in Oklahoma City. Construction of these two buildings is now 78% complete. On this contract Authority has previously paid Cowen $6,284,430.00 and there is allegedly due and owing him the sum of $324,985.00, payment of which he seeks to compel by mandamus.

Although under the terms of the contract Authority is holding in retainage a total of $734,379.00, this retainage is not here in controversy.

### SECOND CONTRACT

The September 4, 1973 contract, in the amount of $8,205,000.00, was for the construction of a state office building in Tulsa. Construction under this contract is approximately 1% complete. On this contract Authority has paid Cowen $359,023.00 and there is allegedly due and owing him the sum of $226,100.00, of which payment is sought to be compelled by mandamus. Under this contract Authority is withholding $65,014.00 in retainage, but the retainage is not here in controversy.

As alleged by Authority, on December 21, 1973, a grand jury convened in Oklahoma County and returned an indictment against certain officers and employees of Cowen for conspiring to defraud the State in connection with transactions involving the First Contract. Attached to Authority's Petition is the Indictment. In one of the counts, an officer of Cowen stands indicted for entering into a fraudulent, collusive agreement with another to submit a false, deceitful and collusive bid for the construction work on the tax and education buildings [First Contract] for the purpose of circumventing the object and intent of the laws requiring secret and competitive bidding.

On December 28, 1973, Authority adopted a resolution requiring all contractors on all existing contracts with it to file a non-collusion affidavit, and adopted a policy that no payments would be made to any contractor unless and until such affidavit had been signed and filed. An officer of Cowen subsequently signed such affidavit.

On January 8, 1974, an Information was filed by the District Attorney for District No. 7, Oklahoma County, charging that an officer of Cowen committed the crime of Perjury when he signed the non-collusion affidavit required by Authority.

Authority and Cowen both contend this Court should assume original jurisdiction under Art. VII, § 4, of the Constitution, which grants it superintending control over all inferior courts, and all agencies, commissions and boards created by law, since there is a general public need for speedy determination of these differences which are of statewide importance.

In deciding Authority's request for guidance in determining whether the payments under the contracts are to be made and Cowen's Cross-Application for a Writ of Mandamus to direct payment of the sums allegedly due and owing, we must first point out certain issues which are neither

tendered nor argued in this proceeding and hence cannot be considered.

In its petition, Authority did not allege, nor did it argue in oral presentation, that any of the officers or employees of Cowen were guilty of any collusion or fraud in submitting their bids for the two construction contracts or in obtaining the awards of the contracts. Whether collusion or fraud was in fact involved is not tendered for our determination. Nor did Authority waive any defenses that might be available to it if Cowen commenced proceedings in the proper tribunal to collect the alleged sums due and owing.

Authority did not challenge the amount of Cowen's claim or object to the quality of his work.

Neither party argued what the rights, obligations and liabilities of the parties would be if it developed that certain officers or employees of Cowen were guilty of fraud or collusion in submitting their bids for the contracts or in obtaining the awards of the contracts.

On consideration of Authority's request for guidance we find that Authority has not alleged with any degree of precision why it did not approve and pay the Cowen claims. So far as we can tell, Authority apparently withheld payment "in the light of the question raised by the criminal proceedings" heretofore set forth. Since Authority cites no law, either statutory or decisional, nor does it argue it is entitled to withhold payment on this ground, the same will not be considered.

█ What Authority seeks here is not the resolution of a justiciable controversy, based on proved or stipulated facts, but rather an advisory opinion based on speculative facts. Authority, and not the judiciary, is charged with the responsibility of determining in the first instance what legal position it should assume concerning Cowen's claims. Whether it should or should not pay the claims, will become a legal question for the judiciary to decide, only when Authority has properly taken a legal position and that position is placed in controversy. The speculative facts tendered here simply do not enable this Court to resolve the legal issues and grant effective relief.

Because dispositive issues are neither presented nor argued, this Court cannot in this original proceeding grant the relief sought by Authority.

In the interest of speedy determination of this controversy, we suggest that Authority consider whether it will or will not pay Cowen's claims measured by the position it would take if Cowen should proceed against it in the district court under the provisions of 12 O.S.1971 § 1451 et seq., relating to mandamus. Under § 1451, the "writ of mandamus may be issued by * * * the district court * * * to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; * * *."

If Authority is of the view that it is not free to pay the claims of Cowen because the officers or employees of Cowen may have been guilty of fraud or collusion, or because of the pending criminal litigation, we suggest it advise Cowen to this effect so that he will know why his claims have not been paid and may then take whatever action is deemed appropriate.·

█ On considering Cowen's Cross-Application for a Writ of Mandamus directing payment of the claims submitted we find that the same was filed on January 14, 1974, the day before oral presentation was had and the cause was submitted for adjudication. While Authority has not requested time to answer and this cause has been submitted, Authority has not effectively waived any defenses it may have, and we cannot determine as a matter of law that Cowen is entitled to the relief sought by the writ.

Application to assume original jurisdiction granted; Authority's request for guidance is denied with explanations here of-

fered; and Cowen's Cross-Application for Writ of Mandamus is also denied.

All the Justices concur.

Justice WILLIAM A. BERRY, having certified his disqualification in this case, the Honorable C. F. BLISS, Jr., was appointed Special Justice in his stead.