The STATE of Oklahoma ex rel. STATE
BOARD OF PUBLIC AFFAIRS
et al., Petitioners,

v.

PRINCIPAL FUNDING CORPORATION,
a Delaware corporation, Respondent.

No. 46198.

Supreme Court of Oklahoma.

Feb. 12, 1974.

Larry Derryberry, Atty. Gen., Odie A. Nance, Asst. Atty. Gen., for petitioners.

Robert E. Miles and Robert N. Wilde, Tulsa, for respondent.

IRWIN, Justice:

Presented for review is a Certified Interlocutory Order of the trial court concerning the rights of a corporate entity to sue the State in an action at law based upon breach of contract where the State has not consented to being sued. The parties will be referred to as they appeared in the trial court, i. e., Respondent, Principal Funding Corporation, will be referred to as plaintiff, and Petitioners, defendants in the trial court, will be referred to as State.

The facts giving rise to this litigation are briefly summarized.

Plaintiff owned certain real property and entered into a written lease agreement for its rental with the proper State officials. The lease was for a basic period of one year and the rental was to be paid in twelve (12) monthly installments of $5,075.00 each.

State refused to pay the last four monthly installments, totalling $20,300.00, on the grounds that it had legally terminated the lease pursuant to its terms; and that it had surrendered possession of the property and plaintiff had accepted its surrender.

Plaintiff first commenced a mandamus action to collect the rentals allegedly due. Apparently the trial court sustained State's demurrer to plaintiff's petition based on the grounds that it could not rule on the issues therein submitted, as a matter of law, because several questions of fact existed which would have to be determined before plaintiff was entitled to a writ of mandamus. The pleadings in that case have not been submitted for our consideration. State says in its brief that the mandamus action was dismissed and plaintiff says it was not.

Thereafter, plaintiff commenced an ordinary action at law to recover the $20,300.-00 allegedly due under the lease rental contract. This action forms the basis for this proceeding.

State filed demurrers alleging, inter alia, that the State of Oklahoma was immune from suit in the absence of an express consent thereto and the trial court had no jurisdiction over it without its express consent to being sued having first being obtained.

The trial court overruled State's demurrers and based on a finding that an immediate appeal would materially advance the ultimate termination of the litigation certified the following question.

"Whether plaintiff may bring and maintain an ordinary action at law against officers of the State of Oklahoma, in their official capacities, for money damages by reason of an alleged breach of a written lease agreement, there being a disputed fact situation in regard to defendant's (State's) liability and the amount of damages, if any, alleged to be owing to plaintiff, without the plaintiff first being required to obtain the express consent of the State of Oklahoma to being sued?"

House Bill No. 1575 of the Second Regular Session of the 1970 Legislature, was approved on April 28, 1970. See 1970 Oklahoma Session Laws, Ch. 330, pgs. 637–640. Section 7 of that enactment made an appropriation for the purposes set forth in the lease rental agreement.

Plaintiff contends that by virtue of the above enactment, the Legislature appropriated funds for an express purpose; that it and State entered into a valid contract (the lease rental agreement) to carry out that purpose; that it committed no acts constituting a breach of that contract but had fully performed under its terms; and that State wrongfully refused to pay the rentals due under the contract.

Plaintiff cites Lingo-Leeper Lbr. Co. v. Carter, 161 Okl. 5, 17 P.2d 365, to support its contention that State is liable in the case at bar because there was a specific legislative appropriation for the purposes for which the lease rental agreement was made. In Lingo, plaintiff furnished materials and supplies for the construction of a state building pursuant to a contract with the proper State officials. The State officials approved plaintiff's claims but the State Auditor refused to act on the claims and refused to issue a warrant. Plaintiff filed a mandamus action against the State Auditor to require him to act upon the claims and to issue a warrant therefor. The State Auditor's defense was that there had not been a valid appropriation for the building for which plaintiff furnished materials and supplies.

We denied the writ on the grounds that liability depended entirely upon whether there had been a valid appropriation for the construction of the building and there had not been a valid appropriation.

Although State, in the case at bar, makes no contention there was not a valid appropriation for the purposes contracted for in the lease rental agreement, there is a vital distinction between Lingo and the case at bar. Lingo was a mandamus action to require the State Auditor to perform his official duties. In the proceeding giving use to the certified interlocutory crder now presented for our review, plaintiff did not seek a writ of mandamus against State officials requiring them to perform their official duties, imposed by law, but seeks a judgment establishing that State is indebted to it for the rentals due under the lease rental contract.

In Oklahoma Agricultural and Mechanical College v. Willis (1898), 6 Okl. 593, 52 P. 921, an action at law was brought against College for a balance allegedly due from College upon a written contract for the furnishing of certain materials and the performance of certain labor in repairing some rooms at the college. Judgment was rendered against College and it appealed. In reversing the judgment on appeal the Court held that College, as a part of the sovereign government, could not be sued without the consent of the state.

In State ex rel. Department of Highways v. McKnight (1972), Okl., 496 P.2d 775, we discussed in detail numerous cases supporting the proposition that a sovereign state cannot be sued except by express legislative enactment; that the right of the sovereign state to immunity from suit is a public right and must not be treated as relinquished or conveyed away by inference or construction; and that the statutes must clearly permit the State to be sued or the right to do so will not exist.

■ We hold that plaintiff in the instant proceeding may not maintain an ordinary action at law to collect the rentals allegedly due under the lease rental agreement without first obtaining State's consent to being sued.

The trial court erred in overruling State's demurrers to plaintiff's petition and

we answer the question certified in favor of State.

Our holding herein does not mean that where an individual or entity enters into a valid contract with the proper State officials and a valid appropriation has been made therefor, and the individual or entity performs all the obligations under the terms of the contract, and the State officials wrongfully refuse to pay the legal contractual obligations, that such individual or entity has no recourse.

12 O.S.1971 § 1451, provides that "The writ of mandamus may be issued by * * * the district court * * * to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station, * * *."

12 O.S.1971 § 1452, provides that the writ of mandamus may not be issued in any case where there is a plain and adequate remedy in the ordinary course of law. We have already held that plaintiff does not have "a plain and adequate remedy in the ordinary course of law."

Donaldson v. Board of Regents of University Preparatory School (1942), 190 Okl. 269, 122 P.2d 139, followed the rule that an action against the state could not be maintained in the absence of permissive legislation or other consent of the state. In Donaldson, plaintiff alleged she was hired to teach at the institution for one fiscal year and was wrongfully discharged and she sought a judgment for the balance due under her contract. Although this Court denied Donaldson relief, we said:

"We are not unmindful of the rule announced in Wentz v. Ingenthron, 146 Okl. 165, 294 P. 154, and related authorities wherein it is held that an aggrieved citizen is not left without recourse against the unlawful acts of officers of a commonwealth because such commonwealth is sovereign where the citizen is being deprived of some constitutional right or the officials have attempted to enforce some illegal order or an illegal

official decree. But such is not the case in the present action. Plaintiff is not seeking injunctive or mandatory relief against the illegal acts of individuals purporting to act in their official capacity. This is an action in damages for breach of contract, and plaintiff seeks a money judgment, and in the absence of permission given by the sovereign such action cannot be maintained. * * *."

In Wentz v. Ingenthron, 146 Okl. 165, 294 P. 154, cited with approval in the above quote, we held:

"When officers of the state act under invalid authority, or exceed or abuse their lawful authority, and thereby invade private rights that are secured by the Constitution, an action to redress injuries caused by the unauthorized act is not a suit against the state, since the acts of officials that are not legally authorized, or that exceed or abuse authority or discretion conferred upon them, are not acts of the state."

If we correctly construe the Donaldson case, in connection with the Wentz case, Donaldson's proper remedy would have been an action in mandamus against the members of the Board of Regents on the theory that they had wrongfully discharged her by acting under unlawful authority or exceeded or abused their lawful authority. The mandamus action would not have been an action against the state since the actions of the officers of the state that are not legally authorized or that exceed or abuse authority conferred upon them, are not acts of the state.

In Commercial Nat'l Bank v. Robinson (1917), 66 Okl. 235, 168 P. 810, the officers of municipality, having determined to improve certain streets, issued improvement bonds pursuant to statute. The officials entered into a contract with a contractor and the improvement bonds were to be delivered to the contractor at par value in payment of the amount due under the contract. The contractor made the improvements and such improvements were accepted by the municipality but the officials refused to deliver all the bonds that were due contractor under the contract.

An action in mandamus was brought to compel the officials to deliver the improvement bonds according to the contract. There, the Court recognized the rule that mandamus does not lie to enforce mere contractual duties and that its proper function is to compel the performance of duties imposed by law upon the parties against whom the writ is sought. In that case the writ was issued on the grounds that the municipal officers had arbitrarily refused to perform a plain ministerial duty imposed by law.

In McKnight, supra, 496 P.2d 775, we granted with approval Fortinberry Company, Inc. v. Blundell (1952), 206 Okl. 261, 242 P.2d 427, wherein we held:

" 'The sovereign state cannot be sued without its permission. Mandamus is the sole remedy of one holding a valid claim against the State, which its officers wrongfully refuse to pay.' "

Is mandamus a proper remedy if there are factual questions in dispute?

12 O.S.1971 § 1459, provides that when the issues are joined in a mandamus action as prescribed by statute, the issues must be tried, and the further proceedings thereon had, in the same manner as in a civil action.

In Bodine v. McDaniel Auto. Co., 69 Okl. 143, 170 P. 899, we held that in mandamus proceedings, where the averments in the alternative writ are sufficient to authorize the relief sought, and the return of the respondent does not state a defense, it is not error for the trial court to grant the peremptory writ without hearing testimony.

In Broadwell v. Dirickson, 85 Okl. 242, 205 P. 751, the court held that in a mandamus proceeding, if the averments in the alternative writ are sufficient to authorize the relief sought, but the return of the respondent presents an issue of fact upon a material question, which if true would be a defense, it is not error for the trial court to overrule a motion for judgment on the pleadings.

In Polin v. Retail Credit Company, Okl., 469 P.2d 1004, we said:

"A demurrer or motion to dismiss is not a proper pleading in a mandamus action. Thompson v. Rhyner, 86 Okl. 146, 206 P. 609 (1922); Lauer v. Clark, 84 Okl. 206, 202 P. 1035 (1922). The only pleading allowed are the writ and the answer. 12 O.S. § 1459. However, in absence of a motion to strike, and under a prevailing liberal attitude in matters of pleading in this jurisdiction, the demurrer may be treated as an answer admitting facts stated and invoking the court's application of the law. * * *."

In Stubbs v. Excise Board of Muskogee County, 173 Okl. 341, 49 P.2d 83, we held that the alternative writ and return thereto constitute the pleadings in a mandamus proceeding, and the issues thereby joined must be tried and further proceedings had in the same manner as in a civil action. Where the issues are joined the plaintiff has the burden of proving the clear legal right in himself and a corresponding duty resting upon the defendant in order to authorize the issuance of a peremptory writ. Where the evidence is insufficient to establish a clear legal right to the writ of mandamus, denial thereof is proper.

We hold that if the allegations in the alternative writ of mandamus are sufficient to authorize the relief sought, but the return of the respondent presents an issue of fact, which if true would be a defense, the issues thus joined must be tried and further proceedings thereon had, in the same manner as in a civil action. Disputed factual questions may be determined in a mandamus action.

Whether the lease rental agreement was legally terminated and whether plaintiff is entitled to recover the rentals allegedly due under that agreement are not issues in this proceeding and are not considered or determined.

Certiorari granted; Trial court's order overruling State's demurrer reversed; Certified Interlocutory Question answered in favor of State. Nothing contained herein shall preclude plaintiff from proceeding in mandamus.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, and BARNES, JJ., concur.

HODGES, SIMMS and DOOLIN, JJ., dissent.

HODGES, Justice (dissenting).

This case poignantly demonstrates the reasons the doctrine of governmental immunity should be overthrown and forgotten.

Nineteen states have now discarded the shield of governmental immunity. The fallacy of the doctrine is self-evident. Governments are made for the people and by the people. Its purpose is to preserve and protect, and when it inflicts damage or injury upon the people they seek to govern, then they should be held responsible.

A truly democratic government should be bound to observe the same rules of conduct that it requires of its citizens. Just as individuals and corporations are legally accountable for their conduct so should the government be legally responsible for their conduct.

In my opinion when the government enters into a contract with an individual or a corporate entity, it is liable for breach of its agreement in like manner as any other person and the doctrine of governmental immunity does not apply.

The majority recognizes the injustice of imposing governmental immunity in this instance. But instead of abrogating the doctrine, the court continues to recognize fiction to circumvent its harsh application. While this approach is encouraging in view of the court's past decisions it still clings to an archaic precedent.

Governmental immunity encourages governmental irresponsibility. It is a reminder of a feudal past when it was thought that a King had divine rights and could do

no wrong. But we have no King and who is there to claim divinity. Governmental immunity should be relegated to a page of history and with its abrogation an expectancy of a more sound and responsible government.

DOOLIN, Justice (dissenting).

The majority opinion notes that Principal Funding Corporation's (hereinafter referred to as "Plaintiff") claim against Petitioners (hereinafter referred to as "State") is a claim for back rentals arising out of a contractual rental arrangement between the parties authorized by legislative enactment. There are several pertinent distinctions between an action to enforce such a contractual arrangement and an action against a state which might be barred by the Doctrine of Sovereign Immunity.

As stated by Chief Justice Gibson of the Supreme Court of the State of California in the case of Souza & McCue Const. Co. v. Superior Court of San Benito, 57 Cal.2d 508, 20 Cal.Rptr. 634, 370 P.2d 338 (1962):

> "When the State makes a contract with an individual, it is liable for a breach of its agreement in like manner as an individual, and the doctrine of governmental immunity does not apply. * * *"

This is in accord with the general rule in many jurisdictions in regard to the inapplicability of sovereign immunity to situations where the state has contractually obligated itself to a certain performance. 81 C.J.S. States § 124, states:

> "The State is bound to observe the same rule of conduct in the performance of its contracts with its citizens as it requires them to observe."

The many decisions in which authority is found in support of this conclusion include the following:

Regents of University, System of Georgia v. Blanton, 49 Ga.App. 602, 176 S.E. 673; Carr v. State, 127 Ind. 204, 26 N.E. 778, 11 L.R.A. 370, 22 A.S.R. 624; Todd v. Board

of Educational Lands and Funds of Neb., 154 Neb. 606, 48 N.W.2d 706; In re Block No. 1, Donly Heights Addition, Oklahoma City, Oklahoma, 194 Okl. 221, 149 P.2d 265; Cosgrove v. State, 278 App.Div. 596, 102 N.Y.S.2d 353; Rorick v. Board of Comm'rs of Everglades Drainage District, D.C.Fla., 57 F.2d 1048; State for the use of Lane v. Dashiell, 195 Md. 677, 75 A.2d 348; Newcomb v. Ogden City Public School Teachers' Retirement Commission, 121 Utah 503, 243 P.2d 941; State v. Clausen, 94 Wash. 166, 162 P. 1; Regents of University, System of Georgia v. Woodward, 49 Ga.App. 608, 176 S.E. 677; Commonwealth ex rel Smith v. Clark, 331 Pa. 405, 200 A. 41; Grady v. City of Livingston, 115 Mont. 47, 141 P.2d 346; Eagles v. General Electric Co., 5 Wash.2d 20, 104 P. 2d 912; State of Connecticut v. F. H. McGraw & Co., D.C.Conn., 41 F.Supp. 369; Frio County v. Security State Bank of Pharr, Tex.Civ.App., 207 S.W.2d 231; Souza & McCue Const. Co. v. San Benito County, supra, and State Highway Dept. v. W. L. Cobb Const. Co., 111 Ga.App. 822, 143 S.E.2d 500. The Oklahoma case of In re Block 1, etc., supra, said:

> "The state is bound by its valid contracts and valid acts of its officers. * * *"

Also, at 48 Am.Jur. States, Territories and Dependencies § 62, the treatise concludes that:

> (the state) ". . . may lay aside its sovereignty and like a private individual or corporation contract either with other public bodies or private persons, and be bound under a like contract."

This text goes on to state that such a contractual obligation may be defeated by a legislative failure to appropriate funds for its satisfaction, although it may not impair the obligation of existing contracts. These rules are compatible both with generally accepted authority, and the holding of the *Nashert* case, post.

By statute in the State of Oklahoma:

> "All contracts, whether public or private, are to be interpreted by the same rules, except as otherwise provided by law."

15 O.S. 1971 § 151. In the case of State of Oklahoma, ex rel Capitol Improvement Authority v. Walter Nashert & Sons, Inc., 518 P.2d 1267 (1974), this Court cited this statute in support of its conclusion that the State has no greater authority in relation to a contractual arrangement than a private agency. Since a contract must be enforceable by both parties thereto before it is a contract, it follows that State should not be able to avoid its contractual obligation by hiding behind the Doctrine of Sovereign Immunity. As stated by Justice McInerney in his dissenting opinion in the case of State ex rel Department of Highways v. McKnight, 496 P.2d 775, 785 (Okl.1972):

"Where a special fund is created from sources not coming from, or out of, the general revenue fund of the State, authority may be granted to an officer, board or commission to expend said fund for a special purpose, where the authority to disburse said fund or obligate the State is limited to the amount of money that may go into said fund, and such officer, board or commission is not permitted to incur an indebtedness against the State which may be payable out of, or charged against, the general revenue fund of the State."

See also Fortinberry Co. v. Blundell, 206 Okl. 261, 242 P.2d 427, second syllabus:

"Where one enters into a lawful and valid contract with the State, through a duly authorized State official, under an existing law which provides for and appropriates certain moneys to be used for the payment of a claim against the State, arising under such contract, the inhibitions of the State and Federal Constitutions against any law which impairs the obligation of contracts will not permit the repeal of such law insofar as it pro-

vides a fund from which the valid claims arising while said law is in force may be paid, unless other adequate provisions are made for the satisfaction of such claims."

In the present case, there is a valid legislative enactment, House Bill No. 1575 of the Second regular session of the 1970 Legislature (1970 Oklahoma Session Laws, Ch. 330, pgs. 637–640), Section 7, which made an appropriation for the purposes set forth in the lease. Plaintiff should not, therefore, be barred by the Doctrine of Sovereign Immunity from enforcing its contractual rights thereunder where an appropriation has been made and authority to bind the State is present.

Although the majority opinion does not allow Plaintiff to maintain an ordinary action to recover back rentals against State, it clearly would allow Plaintiff to bring an action to mandamus the appropriate public official to honor the obligation of State under the contractual arrangement. This Court has recently acknowledged the availability of such a remedy under Oklahoma Statutes, see State of Oklahoma, ex rel Oklahoma Capitol Improvement Authority v. E. A. Cowen Construction Co., 518 P.2d 1264. But I do believe resort to this extraordinary remedy either expedient or necessary when an adequate remedy at law exists. I believe Plaintiff's action to recover rentals allegedly due it under its legislatively authorized contractual arrangement and appropriation is not barred by the Doctrine of Sovereign Immunity, and insofar as the majority opinion bars such recovery in an ordinary action at law and restricts Plaintiff's remedy to extraordinary writ, it is incorrect.

I am authorized to state that Justice SIMMS concurs in the views herein expressed.