LIABILITY INSURANCE; BOARD OF REGENTS
The governing board of the South Oklahoma City Area School District and the Board of Regents of South Oklahoma City Junior College would not be subject to suit for bodily injury or other tort liability under the doctrine of governmental immunity so long as the act or acts causing such injury were preferred within the scope of their lawful authority, but, if such act or acts exceed this lawful authority, such suit would not constitute a suit against the State, and the members of the boards could, in such instance, be personally subject to suit. The Board of Regents, in its capacity as the governing board of the area school district, is authorized under 70 O.S. 5-136 [70-5-136] (1974), to use tax revenue provided by the district to purchase general liability insurance, not exceeding $300,000.00 coverage, to protect members of the board, while acting in their capacity as the governing board of the area school district, from claims involving bodily injury or property damage occurring in or on property owned by the district, and is authorized under 70 O.S. 1210.34 [70-1210.34] and 70 O.S. 1210.43 [70-1210.43] (1971) to use tax revenue provided by the district to purchase motor vehicle liability insurance covering vehicles loaned or leased to the district for use in a driver's education program, for vocational agricultural purposes or for use in any training or maintenance or other similar educational program under the direction of the board, within the limits and to the extent provided in the above-cited sections of statute. The Board of Regents in its capacity as the governing board of the area school district, is authorized under 70 O.S. 5-117 [70-5-117] (1971), as amended by Section 1, Ch. 116 O.S.L. 1972 (70 O.S. 5-117 [70-5-117] (1974)), to use tax revenue provided by the district to purchase insurance to protect property owned by the district. The Board of Regents, acting in its capacity as the governing board of the area school district, would not come within the purview of Section 12 of House Bill 1049 of the 1973 Legislative Session, codified as 70 O.S. 4313 [70-4313] (1974), since such statute only applies to institutions in the Oklahoma State System of Higher Education. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: 1. Is the Board of Regents of the South Oklahoma City Junior College, while acting as the governing board of the South Oklahoma City School District, subject to suit resulting from bodily injury or property damage occurring in or on the property of the Area School District? 2. Can the Board of Regents of the South Oklahoma City Junior College, while acting as the governing board of the Area School District, use tax revenues provided by the Area School District to purchase insurance for its members to protect against claims involving bodily injury or property damage occurring in or on property of the Area School District? 3. Can the Board of Regents of the South Oklahoma City Junior College, while acting as the governing board of the Area School District, use tax revenues provided by the Area School District to purchase insurance to protect the property owned by the Area School District against such hazards as fire, malicious mischief, and natural disasters? 4. Do the members of the Board of Regents of South Oklahoma City Junior College, while acting as the governing board of the Area School District, qualify as employees under Section 12 of House Bill 1049 of the 1973 Legislature, now codified as 70 O.S. 4313 [70-4313] (1974), to secure liability insurance for such Board members while performing their official duties with payment of premiums from regular operating budget funds, or does the Board of Regents have the authority to purchase such insurance from tax revenues made available by the Area School District? 5. Is the Board of Regents, while acting as the governing board of the South Oklahoma City Junior College, subject to the suit resulting because of bodily injury or any other type of tort? In order to answer the above questions, it is necessary first to set forth the background relating to the establishment of the South Oklahoma City Junior College and South Oklahoma City Area School District. At the time South Oklahoma City Community Junior College was established as South Oklahoma City Junior College, a part of the Oklahoma State System of Higher Education, pursuant to 70 O.S.Supp. 4423 (1974), it was also operating a technical area school district program, and the above section of statute in providing for the continuation of such program reads in part as follows: "Any college so becoming a member of the State System which was at the time of the proclamation operating a technical area school district program to carry out the function of postsecondary technical education for the people of the district shall continue to do so as then operated and in accordance with 70 O.S. 4410 [70-4410], and all property acquired by virtue of the technical area school district operation shall remain as property of the technical area school district and be maintained in the custody of the Board of Regents of the junior college acting as the governing board of the technical area school district for use by the post-secondary area district program." The members of the Board of Regents of the South Oklahoma City Junior College, therefore, have a dual capacity. They act as the Board of Regents for the Junior College, a member of the State System of Higher Education, and as the governing board for the South Oklahoma City Area School District, which pursuant to Article X, Section 9B of the Oklahoma Constitution is constituted and empowered as provided by law for School Boards of independent school districts, and which pursuant to 70 O.S. 4410 [70-4410] (1971), is to carry out the function of post- secondary technical education. The South Oklahoma City Junior College is a separate entity from the South Oklahoma City Vocational Area School District, Sherrill v. Board of Trustees of South Oklahoma City Junior College, 515 P.2d 1383 (1973). Concerning your first question, the doctrine of governmental immunity, holding that the State cannot be sued without permission of the Legislature, is followed in Oklahoma, Wentz v. Potter, 28 P.2d 562 (1934); Hawks v. Walsh, 61 P.2d 1109 (1936); State Highway Commission v. Adams, 62 P.2d 1013 (1937); Donaldson v. Board of Regents of University Preparatory School and Junior College of Tonkawa, 122 P.2d 139 (1942); Henry v. Oklahoma Turnpike Authority, 478 P.2d 898 (1970); and State ex rel State Board of Public Affairs v. Principal Fund Corp., 519 P.2d 503 (1974). An action, however, for injuries caused by an unauthorized act of a state official, which exceeds lawful authorities, has been held not to constitute a suit against the state, and such official is afforded no protection by the doctrine of governmental immunity, Choctaw Pressed Brick Co. v. Townsend, 236 P. 46 (1925); Wentz v. Ingenthron,294 P. 154 (1930); and Great Northern Life Ins. Co. v. Read,64 S.Ct. 873, 322 U.S. 47 (1944). On this point 81 C.J.S. States, 216, p. 1316, reads, in part, as follows: "Suits against officers or agents personally, because, while claiming to act officially, they have committed or they threaten to commit wrong or injury to the person or property of the plaintiff, either without right or authority or under color of an unconstitutional statute, are not suits against the State." Clearly, vocational-technical area school districts are political subdivisions of the State, by virtue of Article X, Section 9B of the Oklahoma Constitution and 70 O.S. 4410 [70-4410] (1971), and the governing boards of such districts would be protected from suit for bodily injury or other tort liability by virtue of the doctrine of governmental immunity so long as the act or acts causing such injury were performed within the scope of their lawful authority. It should be noted, however, that the latest case cited above dealing with governmental immunity, State ex rel State Board of Public Affairs v. Principal Fund Corp., supra, although involving contract rather than tort liability, was nevertheless a five to three decision, and there always exists the possibility that the Court might at some future time abrogate the doctrine under certain circumstances. In answer to your second question, as pointed out previously, vocational-technical area school districts are empowered as independent school districts. Under Section 33, Ch. 211 O.S.L. 1973, now codified as 70 O.S. 5-136 [70-5-136] (1974), the boards of both dependant and independent school districts are authorized to purchase, at school district expense, insurance indemnifying the members of the governing board and employees of the district from civil liability. Section 70 O.S. 5-136 [70-5-136] reads as follows: "Boards of Education of school districts are hereby authorized to provide at school district expense, not to exceed Three Hundred Thousand Dollars ($300,000.00), liability insurance to indemnify the members of the board of education, superintendents, principals, teachers and other employees, from civil liability, but in no event shall such insurance provide any protection for any of the aforesaid from prosecution on a criminal charge." Under the above provision of statute the governing board of a vocational-technical area school district does have the authority to use tax revenue provided by the district to purchase liability insurance to protect members of the governing board from claims involving bodily injury or property damage occurring in or on property of the district. In addition, under 70 O.S. 1210.34 [70-1210.34] (1971), the governing board of a vocational-technical area school district would be authorized to use tax revenue provided by the district to purchase "adequate" liability insurance to cover any motor vehicle, and its use, which is loaned to the district by a licensed new car dealer for use in a driver's education program, or for vocational agricultural purposes. Similarly, 70 O.S. 1210.43 [70-1210.43] (1971), authorizes the governing board of a vocational technical area school district to use tax revenue provided by the district to provide liability insurance covering any motor vehicle leased or loaned to the board for use in any training or maintenance or other similar educational program under the direction of the board, with limits of not less than $5,000.00 — $10,000.00 -$5,000.00. In answer to your third question, 70 O.S. 5-117 [70-5-117] (1971), as amended by Section 1, Ch. 166 O.S.L. 1972 (70 O.S. 5-117 [70-5-117] (1974)), relating to the powers and duties of the governing boards of both dependent and independent school districts, provides, in part, as follows: "The board of education of each school district shall have power . . . to have school district property insured . . . to incur all expenses, within the limitations provided by law, necessary to carry out and fulfill all powers herein granted. . . ." Under the above provision of statute, the governing board of a vocational-technical area school district does have authority to use tax revenue provided by the district to purchase insurance to protect its property. In answer to your fourth question, Section 12 of House Bill 1049 of the 1973 Legislative Session, codified as 70 O.S. 4313 [70-4313] (1974), authorizes the various governing boards of institutions in the Oklahoma State System of Higher Education to provide liability. insurance, not exceeding $300,000.00, to indemnify "employees" of such institutions while performing their official duties. As pointed out previously, South Oklahoma City Junior College, a member institution of the State System of Higher Education, is a separate and distinct entity from the South Oklahoma City Area School District, which is not a part of the State System of Higher Education. The above cited statute would, therefore, have no application to the governing board of the area school district. In addition, this statute is limited in its application since it does not expressly include the members of the boards of regents of institutions of the State System of Higher Education as persons to be covered by the liability insurance authorized by it, but rather, unlike 70 O.S. 5-136 [70-5-136] (1974), refers only to "employees of institutions". Title 70 O.S. 4313 [70-4313] (1974), does not even authorize the Board of Regents of the Junior College to purchase liability insurance coverage for members of the Board while they are acting in their capacity as the governing board of the Junior College. As stated previously in answer to question number 2, the governing board of a vocational-technical area school district can use tax revenue provided by the district to purchase liability insurance coverage for members of the governing board of such district. Concerning your fifth question, the answer to the first question would be applicable to your fifth question since the Board of Regents of South Oklahoma City Junior is clearly an agency or instrumentality of the State of Oklahoma. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The governing board of the South Oklahoma City Area School District and the Board of Regents of South Oklahoma City Junior College would not be subject to suit for bodily injury or other tort liability under the doctrine of governmental immunity so long as the act or acts causing such injury were performed within the scope of their lawful authority, but, if such act or acts exceed this lawful authority, such suit would not constitute a suit against the State, and the members of the boards could, in such instance, be personally subject to suit. The Board of Regents, in its capacity as the governing board of the area school district, is authorized under 70 O.S. 5-136 [70-5-136] (1974), to use tax revenue provided by the district to purchase general liability insurance, not exceeding $300,000.00 coverage, to protect members of the board, while acting in their capacity as the governing board of the area school district, from claims involving bodily injury or property damage occurring in or on property owned by the district, and is authorized under 70 O.S. 1071 [70-1071], 70 O.S. 1210.34 [70-1210.34] and 70 O.S. 1210.43 [70-1210.43] to use tax revenue provided by the district to purchase motor vehicle liability insurance covering vehicles loaned or leased to the district for use in a driver's education program, for vocational agricultural purposes or for use in any training or maintenance or other similar educational program under the direction of the board, within the limits and to the extent provided in the above-cited sections of statute. The Board of Regents in its capacity as the governing board of the area school district, is authorized under 70 O.S. 5-117 [70-5-117] (1971), as amended by Section 1, Ch. 116 O.S.L. 1972 (70 O.S. 5117 [70-5117] (1974)), to use tax revenue provided by the district to purchase insurance to protect property owned by the district. The Board of Regents, acting in its capacity as the governing board of the area school district, would not come within the purview of Section 12 of House Bill 1049 of the 1973 Legislative Session, codified as 70 O.S. 4313 [70-4313] (1974), since such statute only applies to institutions in the Oklahoma State System of Higher Education. (Gerald E. Weis) ** SEE: OPINION NO. 76-123 (1976) **